In the Matter of GERRI MOORHEAD, Appellant, v LEAH S. Coss et al., Respondents. [792 NYS2d 709]—

Rose, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered January 23, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of petitioner's grandchildren.

---

* There have been numerous interim orders extending that placement.

Petitioner is the maternal grandmother of five children who have been in the custody of respondent Chenango County Department of Social Services (hereinafter DSS) since 2000. In 2003, DSS filed a petition for an extension of placement and a permanency hearing, as well as a petition to terminate the parental rights of the children's parents. Thereafter, petitioner filed a petition seeking joint custody of the children, but did not request visitation. The children's parents ultimately surrendered their parental rights and Family Court approved a permanency plan for the children that would make them available for adoption. Family Court then found that since the children's parents had surrendered their rights, petitioner no longer had standing to seek custody and dismissed her petition. At that point, petitioner asked, "I can't even visit them?" and Family Court answered that she could not. Petitioner now appeals.

Petitioner concedes that Family Court was correct in dismissing her custody petition because the children's parents surrendered their parental rights (*see Matter of Peter L.*, 59 NY2d 513, 516 [1983]; *Matter of Herbert PP. v Chenango County Dept. of Social Servs.*, 299 AD2d 780, 780-781 [2002]). However, petitioner argues that Family Court should have either considered her question as an oral application for visitation or informed her of the right to seek visitation if she established standing to do so under the provisions of Domestic Relations Law § 72.

To be sure, "under proper circumstances a natural grandparent may have right of visitation with one's grandchildren, even after the adoption of the child" (*Matter of Netfa P.*, 115 AD2d 390, 392 [1985]; *see Matter of Layton v Foster*, 61 NY2d 747, 749 [1984]; *Matter of Rita VV.*, 209 AD2d 866, 869 [1994], *lv denied* 85 NY2d 811 [1995]). Here, however, petitioner's custody petition did not request visitation or set forth any facts regarding the nature and extent of her relationship with the children (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]). In addition, we do not view petitioner's oral inquiry of Family Court as a formal application and, under these circumstances, cannot say that Family Court erred in rejecting petitioner's inquiry. However, neither Family Court's ruling nor our affirmance would preclude petitioner in the future from making an appropriate application for visitation pursuant to Domestic Relations Law § 72.

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.