■ In the Matter of MONA BENNOR, Appellant, v SUSAN HEWSON et al., Respondents, et al., Respondent. (And Another Related Proceeding.) [849 NYS2d 727]—

---

Malone, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered December 1, 2006, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the subject child.

Petitioner, who suffers from a hearing impairment, gave birth to a daughter on December 28, 1991. Shortly after her birth, the child was hospitalized for breathing difficulties and she was discharged with an apnea monitor to the care of respondent Susan Hewson (hereinafter respondent), petitioner's maternal aunt. This was done in accordance with a childcare plan devised by the Clinton County Department of Social Services and was to continue until the monitor was no longer needed. The child was 4½ months old when she came to live with respondent and her husband. Although the couple separated thereafter, the child continued to live with respondent and her sons, and maintained a relationship with respondent's husband. She had no contact with her biological father. Petitioner acquiesced in respondent's care of the child for more than 14 years and did not seek custody until July 2006 when she filed the instant custody petition. Respondent, in turn, filed a cross petition for custody. Following a hearing, Family Court awarded sole custody of the child to respondent and did not make any provision for visitation by petitioner. Petitioner now appeals.

Preliminarily, we note that a biological parent's claim of custody of his or her child is superior to that of a nonparent unless the nonparent establishes that the parent has relinquished it by "surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 546 [1976]). In determining whether extraordinary circumstances exist due to the disruption of custody, "factors to be considered include the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role" (*Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]; *see Matter of Gale v Gray*, 39 AD3d 903, 905 [2007]). Once extraordinary circumstances have been established, the controlling consideration in determining custody is the best interest of the child (*see Matter of Bennett v Jeffreys*, 40 NY2d at 548; *Matter of Campo v Chapman*, 24 AD3d 439, 440 [2005], *lv denied* 6 NY3d 709 [2006]).

In the case at hand, the disruption of custody was initially occasioned by the child's medical condition which necessitated her placement with respondent. Petitioner, however, waited more than 14 years, long after the medical condition had resolved, to attempt to regain custody and did not offer any reason for her failure to act sooner. Petitioner testified that she saw the child nearly every day until the child was 10 years old and very often thereafter. Respondent, on the other hand, stated that the contact was frequent during the first year, but that it progressively decreased to the point where petitioner only saw the child two or three times in the 10 months preceding the commencement of these proceedings. In addition, uncontradicted evidence was presented that petitioner did not inquire about the child's health or schooling and did not contribute to her financial support. Further evidence was presented that, after the child became a teenager, petitioner harassed her at family gatherings, while she was babysitting and in the presence of friends, and that such harassment escalated to the point that the child sent her a letter essentially cutting petitioner out of her life. In view of the foregoing, and given the deference to be accorded Family Court's credibility determinations (*see Matter of Jodoin v Billings*, 44 AD3d 1244, 1245 [2007]), we find that extraordinary circumstances have clearly been demonstrated (*see e.g. Matter of Campo v Chapman*, 24 AD3d at 439-440; *Matter of Ruggieri v Bryan*, 23 AD3d 991, 992 [2005]). Therefore, we now consider which custody arrangement would be in the child's best interest.

Considerable evidence was presented at the hearing that respondent has provided a secure and stable home environment for the child. The child is subject to household rules, is succeeding in school and does not have disciplinary problems. She maintains a close relationship with respondent's sons, whom she regards as her brothers, and still has contact with respondent's husband. Both a close family friend, as well as the child's biological father, testified that the child should remain in respondent's care and the child also expressed her desire to do so. Notably, none of the allegations asserted by petitioner concerning the unsuitability of respondent's home was ever substantiated at the hearing, and petitioner was unable to articulate persuasive reasons for granting custody to her. Consequently, we find no reason to disturb Family Court's finding that it was in the child's best interest for respondent to retain custody.

Petitioner also takes issue with Family Court's failure to grant her, at the very least, supervised visitation with the child. While

visitation with a noncustodial parent is generally presumed to be in the child's best interest, it will be denied if there is substantial proof that it would be detrimental to the child's welfare (*see Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [2007]; *Matter of Williams v Tillman*, 289 AD2d 885, 885 [2001]). As noted above, significant testimony was adduced at the hearing regarding petitioner's harassing and emotionally abusive conduct toward the child, including an incident in which she physically threatened respondent in the child's presence, and others in which she stalked the child at her home. The child testified that she is afraid of petitioner and does not wish to see her. Inasmuch as visitation would be upsetting and potentially harmful to the child under the present circumstances, we find no reason to disturb Family Court's order. Petitioner's remaining contentions have been considered and are without merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.