In the Matter of LORI MM., Respondent, v AMANDA NN., Appellant, and CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondent. [904 NYS2d 810]—

Egan Jr., J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered June 9, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of petitioner's grandchild.

Petitioner is the maternal grandmother of a child born in 2003. Respondent Amanda NN. (hereinafter the mother) is the child's mother. The mother lived with petitioner both prior and subsequent to the child's birth. In August 2006, the mother and the child moved out of petitioner's home following an argument that culminated in the mother striking petitioner. After living in several residences, the mother and child returned to live with petitioner in January 2007. In May 2007, the mother and child again left petitioner's home to live with the mother's boyfriend. In September 2007, the mother's cousin responded to a telephone call for help from the mother and observed the boyfriend hit the mother in the face while she was holding the child and threaten the child. After taking the mother and child to a friend's house, the cousin called petitioner. Petitioner immediately commenced a proceeding seeking custody of the child and the mother thereafter consented to an award of temporary custody of the child to petitioner, with scheduled visitation with the mother. Following a subsequent fact-finding hearing, Family Court adjudicated the child to be neglected by the mother by allowing the boyfriend to inflict harm on the child, and an order of protection was entered on behalf of the child against the boyfriend. Temporary custody with petitioner was continued following a dispositional hearing and the mother and the boyfriend were ordered to successfully complete various evaluation and treatment programs. In December 2008, petitioner commenced this proceeding seeking permanent custody of the child. After holding a hearing, Family Court determined that extraordinary circumstances existed for petitioner to seek custody of the child and that the best interests of the child

would be served by a permanent award of custody to petitioner.[1] The mother now appeals.

We affirm. Clearly, "a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996]; *accord Matter of VanDee v Bean*, 66 AD3d 1253, 1254 [2009]). In determining whether extraordinary circumstances exist, factors to be considered include incidents of domestic violence (*see Matter of Turner v Maiden* 70 AD3d 1214, 1215 [2010]), as well as "the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role" (*Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]; *accord Matter of Cumber v O'Leary*, 56 AD3d 1067, 1070 [2008]). "Once extraordinary circumstances have been established, the controlling consideration in determining custody is the best interest of the child" (*Matter of Bennor v Hewson*, 47 AD3d 1136, 1137 [2008] [citations omitted], *lv denied* 10 NY3d 710 [2008]). Finally, where there is conflicting evidence on relevant issues, we accord great deference to Family Court's findings of fact and credibility determinations (*see Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009]).

Here, the record establishes that the child has lived with petitioner for the vast majority of her life and they share a close relationship. During that time, petitioner was the child's primary caregiver, while the mother pursued her own interests. Petitioner maintains a nice home for the child and petitioner's 16-year-old daughter and the child is apparently thriving there. In contrast, there is evidence that the mother's boyfriend committed acts of domestic violence against the mother in the child's presence, threatened the child and has locked the child in a cabinet. In addition, he has been the subject of indicated reports from Child Protective Services during 1993 and 1994, alleging, among other things, that he had punched his own daughter in the stomach. While the record supports the mother's contention that she has completed the court-ordered parenting and anger management classes, she testified that she still lives with the boyfriend and intends to maintain that rela-

---

1. Inasmuch as respondent Jonathan OO., the child's father, failed to appear at the hearing, Family Court granted the petition against him by default.

tionship.[2] Further, despite being provided visitation three times a week and an overnight stay each weekend as part of the temporary custody order, the mother only exercised her visitation rights on two or three occasions in the four months following the entry of the order. These factors clearly support Family Court's determination that extraordinary circumstances exist.

We also find ample support in the record for Family Court's conclusion that it would be in the child's best interests to reside with petitioner. Petitioner has demonstrated that she provides a loving, nurturing home for the child. In contrast, evidence was presented that the child was observed to be filthy, wearing dirty clothes and living in unhealthy conditions while with the mother. Further, the mother has not provided a stable home environment for the child in that she has chosen to maintain her relationship with the boyfriend despite the boyfriend's acts of domestic violence against her and his threats and acts of abuse against the child. Based upon the totality of the circumstances, we agree with Family Court that the child's best interests are served by permanently placing her in petitioner's custody.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** We note that, as of the date of the hearing, the boyfriend has failed to complete the anger management and substance abuse programs ordered by Family Court pursuant to the finding of neglect against him.