■ In the Matter of Renee Tennant, Respondent, v William Philpot et al., Respondents, and Tonya Philpot, Appellant. (And Three Other Related Proceedings.) [909 NYS2d 225]—

Egan Jr., J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered May 1, 2009, which granted petitioner's application, in four proceedings pursuant to Family Ct Act article 6, for custody of the subject child.

Respondent Tonya Philpot (hereinafter the mother) is the mother of a daughter, born in 2007. Approximately three weeks after the child's birth, respondent William Philpot, the child's

maternal grandfather (hereinafter the grandfather), took custody of the child. Approximately one week later, he placed the child in petitioner's care full time, where she has remained to the present. Petitioner has known both the mother and the grandfather for several years, first as a teacher's aide working with the mother and then as a family friend. Initially, the mother did not object to the child living with petitioner and visited the child at petitioner's home. As tension grew between petitioner and the mother, however, visits were moved to the grandfather's home and reduced to weekends only.

Petitioner commenced the first of the instant proceedings seeking custody of the child. The mother opposed the petition and filed her own petition seeking custody of the child. The grandfather supported petitioner's application and, as an alternative, sought custody for himself in a cross petition.* Family Court conducted a fact-finding hearing over the course of two days. Following the hearing, Family Court found the existence of extraordinary circumstances allowing placement of the child with a nonparent and it therefore awarded custody to petitioner, with supervised visitation to the mother. The mother now appeals.

" '[A] biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumtances' " (*Matter of Lori MM. v Amanda NN.*, 75 AD3d 774, 775 [2010], quoting *Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996]). Factors to be considered in determining whether extraordinary circumstances exist include "the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role" (*Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]; *accord Matter of Cumber v O'Leary*, 56 AD3d 1067, 1070 [2008]). The cumulative effects of a mother's "cognitive limitations, mental illness and flawed parental judgment" that impact the child have been held to satisfy this threshold requirement (*Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d 1359, 1362 [2010], *lv denied* 15 NY3d 703 [2010]; *compare Matter of Cole v Goodrich*, 272 AD2d 792, 793 [2000], *lv denied* 95 NY2d 874 [2000]). "Once extraordinary circumstances have been estab-

---

* The child's biological father, who has not had any involvement in the child's life, also opposed the petition and filed a cross petition for custody. He failed to appear at the fact-finding hearing so his application was dismissed.

lished, the controlling consideration in determining custody is the best interest of the child" (*Matter of Bennor v Hewson*, 47 AD3d 1136, 1137 [2008] [citations omitted], *lv denied* 10 NY3d 710 [2008]).

Here, in according Family Court the appropriate deference (*see Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009]), we find a sound and substantial basis for its determination that such extraordinary circumstances were demonstrated and that it was in the child's best interests to remain with petitioner (*see Matter of Turner v Maiden*, 70 AD3d 1214, 1216-1217 [2010]). The testimony revealed that the mother has a history of substance and alcohol abuse. When the child was approximately three weeks old, the mother and the child were involved in a motor vehicle accident whereby the car ended up in a ditch. The mother refused the recommendation of the responding emergency medical technician that the child be taken to the hospital and examined. The record also reveals the mother's extensive history of mental health issues. It was based on the mother's anger issues and threats of suicide that the grandfather, with the mother's consent, took physical custody of the child shortly after her birth. A court-ordered psychological evaluation of the mother, conducted in January 2008, revealed incidents of her hearing voices, engaging in self-injuring behavior, alcoholism and incidents whereby she was the victim of domestic violence. The mother was diagnosed with bipolar and personality disorders and was considered emotionally and behaviorally unstable and incapable of caring for an infant without supervision. The record also reflects that the mother, until recently, has taken advantage of only a fraction of her visitation time. During some visits, the mother was loud and disruptive, and exhibited violent and abusive behavior and, on other occasions, the mother did not even acknowledge the child during visitation. During one visit, the mother referred to the child by using a racial slur. The mother admitted that after the child began living with petitioner, she has abused alcohol, was the victim of domestic violence and was also convicted of a misdemeanor for possessing stolen property.

While we acknowledge her recent attempts to obtain the appropriate treatment for herself, the record reveals that the mother's psychiatric conditions and anger issues remain largely unresolved. She has exhibited poor judgment by engaging in criminal conduct, failing to complete many recommended services, and remaining in abusive relationships. These issues, among others, have contributed to her inability to adequately care for the child. As such, we find Family Court's determina-

tion of extraordinary circumstances to be supported by substantial evidence (*see Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d at 1361). To the extent that the mother presented her own testimony that she was discouraged from participating in the child's life, together with the testimony of certain acquaintances who, on a handful of occasions, have each observed and commented on the mother's appropriate interactions with the child and other children, Family Court's discretion in resolving those credibility issues will not be disturbed.

Likewise, the record finds a sound and substantial basis for Family Court's determination that the child's best interest is served by remaining with petitioner. Of note is that the child suffers from certain medical conditions, and is developmentally delayed in all areas of development, including physical, social-emotional, cognitive, communication and activities of daily living. Petitioner has limited her work schedule as an emergency medical technician and has actively participated in the child's extensive early intervention and follow-up services. Although the child is still delayed, the record reveals that she has benefitted from such services and now has the ability to sit up, roll over and reach for items she desires. In light of the totality of the circumstances, including the parties' past performance, relative fitness and their abilities to maintain a stable home and provide for the child's special needs (*id.* at 1362), we find no basis to disturb Family Court's determination to grant custody to petitioner.

Mercure, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.