■ In the Matter of ROBERT S. FERGUSON, Respondent, v JEFFREY MICHAEL SKELLY et al., Appellants, et al., Respondent. [914 NYS2d 428]—

Egan Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered August 6, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent Heather J. Skelly-Ferguson (hereinafter the mother) are the divorced parents of two sons (born in 2003 and 2004). The father and mother met in 2001 in Arizona and, thereafter, both regularly abused methamphetamine and other drugs. The mother and father attempted to stop using drugs after the mother became pregnant with their first child. After the first child was born,

the mother, the father, the mother's daughter from a previous relationship, and the child moved to the City of Ogdensberg, St. Lawrence County to live with respondent Jeffrey Michael Skelly—the children's maternal grandfather—during which time the parents, although occasionally drinking alcohol, remained drug free. After the mother became pregnant with the second child, the family left the grandfather's home and eventually moved to Phoenix, Arizona. Within a month of the birth of the parties' second child, the mother and father both resumed their drug abuse. The mother and father separated, and the father and the children returned to Ogdensburg in June 2005 and lived, back and forth, between the grandfather's home and the home of the grandfather's girlfriend. Although the mother and father reunited at some point and returned to New York, this reunification was short lived, and, in May 2007, the father asked the grandfather to take care of the children while he "got [his] life together" in Arizona. In June 2007, the grandfather filed a proceeding seeking custody of the children. In November 2007, an order was entered whereby the father and grandfather stipulated that extraordinary circumstances existed which warranted a grant of custody of the children to the grandfather with certain visitation to the father to be agreed upon.* In August 2008, the father commenced the instant modification proceeding seeking sole custody of his children. After a hearing, Family Court granted the father's petition, and the mother and grandfather now appeal.

"[A] biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996]; *accord Matter of Arlene Y. v Warren County Dept. of Social Servs.*, 76 AD3d 720, 721 [2010], *lv denied* 15 NY3d 713 [2010]). A prolonged separation of the parent from a child " 'for at least [24] continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of [a] grandparent' " has been held to constitute such a disruption of custody (*Matter of Gale v Gray*, 39 AD3d 903, 904 [2007], quoting Domestic Relations Law § 72 [2] [b]; *see Matter of Arlene Y. v Warren County Dept. of Social Servs.*, 76 AD3d at 721). However, a "period of separation during which a parent is trying to regain custody lawfully is entitled to little, if any, consideration" (*Matter of Gale v Gray*, 39 AD3d at 904-905

* The mother defaulted in this proceeding.

[internal quotation marks and citations omitted]). Evidence that the parent has failed either to maintain substantial, repeated and continuous contact with a child or to plan for the child's future has been found to constitute persistent neglect sufficient to rise to the level of an extraordinary circumstance (*see Matter of Arlene Y. v Warren County Dept. of Social Servs.*, 76 AD3d at 721). Other factors to be considered include "the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role" (*Matter of Lori MM. v Amanda NN.*, 75 AD3d 774, 775 [2010] [internal quotation marks and citations omitted]; *accord Matter of Turner v Maiden*, 70 AD3d 1214, 1215 [2010]). The nonparent bears the heavy burden of establishing the threshold extraordinary circumstances, and the "existence of a prior consent order of custody in favor of the nonparent is not sufficient to demonstrate extraordinary circumstances" (*Matter of Ramos v Ramos*, 75 AD3d 1008, 1010 [2010] [internal quotation marks and citations omitted]; *see Matter of Moore v St. Onge*, 307 AD2d 421, 422 [2003]; *Matter of Canabush v Wancewicz*, 193 AD2d 260, 263 [1993]).

Here, according the appropriate deference to Family Court's factual findings and credibility determinations (*see Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d 1359, 1360 [2010], *lv denied* 15 NY3d 703 [2010]; *Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009]), we find a sound and substantial basis in the record for its determination that extraordinary circumstances did not exist such that the grandfather should retain custody of the children. Prior to May 2007, the children lived between homes and between states while both the mother and the father abused drugs and alcohol, only experiencing limited time periods of sobriety. It was the father's prior drug and alcohol abuse that was the catalyst for his stipulating to the 2007 finding of extraordinary circumstances. In July 2007, shortly after the father moved back to Arizona, he was convicted of driving while under the influence of alcohol. Albeit in conjunction with his conviction, the father completed substance abuse classes in 2008. That same year, he also completed anger management, parenting classes and underwent counseling. Apart from the alcohol-related conviction, the father has been drug-free since May 2007 and has been consistently employed since July 2007 in a distribution center in Arizona. In May 2008, he obtained a second job in a restaurant. The father has continuously attempted to maintain contact with the children and, at one point, filed a petition for custody that was later withdrawn based on, what Family Court

deemed, the father's credible testimony that the grandfather threatened to refuse summer visitation. The record reflects that, despite his shortcomings, the father currently lives with his current wife and her two children in a stable home and is leading a healthy, drug-free life. As the threshold of extraordinary circumstances has not been established, we need not address what custodial arrangement is in the children's best interests (*see Matter of Scala v Parker*, 304 AD2d 858, 859 [2003]).

Next, because the mother clearly testified at this hearing regarding the previous court proceedings, her placement in foster care as a child and the allegations of having been abused by her own father, we are unpersuaded that Family Court improperly relied on facts outside the record with respect to this testimony. We also find no error in Family Court's subsequent questioning on these issues, which simply clarified the mother's testimony (*see Matter of Stanziano v Stanziano*, 235 AD2d 845, 846 [1997]). We are likewise unpersuaded by the mother's claims that the attorney for the children provided ineffective assistance of counsel. This record discloses that the attorney for the children participated in the hearing and cross-examined multiple witnesses to ascertain, among other things, the parties' custodial capabilities and the extent of their drug and alcohol abuse, such that the children were provided with effective representation (*see Matter of Dana A. v Martin B.*, 72 AD3d 1136, 1138 [2010]; *Matter of Chamberlain v Chamberlain*, 260 AD2d 671, 672 [1999], *lv denied* 93 NY2d 811 [1999]).

Finally, as the grandfather never made an application for visitation with the children, we find that Family Court did not err in failing to grant him visitation (*see Matter of Shelia B. v Shirelle Jasmine B.*, 67 AD3d 610, 610 [2009]; *Matter of Moorhead v Coss*, 17 AD3d 725, 726 [2005]).

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.