■ In the Matter of JAMES GG. et al., Respondents, v BAMBY II., Respondent, and CALVIN HH., Appellant. [924 NYS2d 615]—

Malone Jr., J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered May 21, 2010, which granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.

Respondents are the biological parents of a son (born in 1999). On July 8, 2008, respondent Bamby II. (hereinafter the mother), who had custody of the child, placed him, as well as his two half siblings, in the temporary care and custody of petitioners, who are not related to the child. Shortly thereafter, the Otsego County Department of Social Services (hereinafter DSS) commenced a Family Ct Act article 10 proceeding against the mother and her husband alleging that they neglected the children. Petitioners then commenced this Family Ct Act article 6 proceeding seeking custody of the children. The mother consented to custody, but respondent Calvin HH. (hereinafter the father) objected to the petition insofar as it pertained to the

subject child. Following a hearing, Family Court found that extraordinary circumstances existed supporting an order of custody to a nonparent, and that the child's interests would best be served by awarding custody to petitioners. The father appeals, and we affirm.

Family Ct Act § 1055-b authorizes Family Court to award custody to a relative or other suitable person as a dispositional option in a Family Ct Act article 10 proceeding, where such an award is in the child's best interests (see Family Ct Act former § 1055-b [a]; Matter of Arlene Y. v Warren County Dept. of Social Servs., 76 AD3d 720, 720 [2010], lv denied 15 NY3d 713 [2010]). If a parent does not consent, custody may be awarded to a nonparent only when the court finds that extraordinary circumstances exist supporting the award (see Family Ct Act former § 1055-b [a] [ii]).

At the time of the hearing, the child had been residing with petitioners for 19 months, during which time the father saw the child only once—approximately 14 months prior to the hearing. The father wrote the child three letters and spoke with him three times on the telephone, all calls having been initiated by petitioners. Notably, while petitioners did not change their address or telephone number during this period, the father did without advising petitioners or DSS of his contact information. He also failed to appear for 10 of his last 17 scheduled court appearances, including the hearing in this matter. While the father blames DSS for failing to provide services to assist him in maintaining contact with the child, that claim is belied by the caseworker's testimony, that in the summer of 2009, the father informed her that he wished to be taken off the underlying case, except for being notified of court orders. Under these circumstances, we agree with Family Court that the child's residence with petitioners over an extended period of time, coupled with the father's lack of effort to maintain contact, is sufficient to support a finding of extraordinary circumstances (see Matter of Bennor v Hewson, 47 AD3d 1136, 1137-1138 [2008], lv denied 10 NY3d 710 [2008]; Matter of Bevins v Witherbee, 20 AD3d 718, 719 [2005]; see generally Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]). The record also supports the court's conclusion that granting custody to petitioners is in the child's best interest. Undisputed evidence establishes that petitioners provide a safe and stable home for the child, he is doing well in school, he is involved in extracurricular activities and he has close relationships with his half siblings (see Matter of Bennor v Hewson, 47 AD3d at 1138). Additionally, petitioners have demonstrated their willingness to foster a relationship between the

father and the child (*see Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d 1359, 1362 [2010], *lv denied* 15 NY3d 703 [2010]), which renders unpersuasive the father's claim that an award of custody to petitioners forecloses him from having meaningful contact with the child.

Peters, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.