██ In the Matter of PHILLIP RODRIGUEZ, Respondent, v MARISOL DELACRUZ-SWAN, Appellant. (Proceeding No. 1.) In the Matter of PHILLIP RODRIGUEZ, Respondent, v MARISOL DELACRUZ-SWAN, Appellant, and ANA SANTIAGO, Respondent. (Proceeding No. 2.) [954 NYS2d 692]—

Egan Jr., J. Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered June 14, 2011, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent Marisol Delacruz-Swan (hereinafter the mother) are the parents of a daughter (born in 2001), and respondent Ana Santiago is the child's paternal grandmother. In June 2009, the mother and father stipulated that the mother would have sole legal and physical custody of the child with specified periods of visitation to the father, and Family Court entered an order to that effect. Insofar as is relevant here, that order required the mother and father to keep each other apprised of their current address and

phone number and precluded them from being intoxicated 24 hours prior to or during any custodial period with the child.

In September 2010, the father commenced proceeding No. 1, alleging that the mother violated the terms of the 2009 order by relocating with the child to North Carolina and being intoxicated in the child's presence on September 5, 2010.[1] The father also commenced proceeding No. 2 seeking to modify the prior order of custody, and he proposed various custodial alternatives, including sharing joint custody of the child with the grandmother. Although a North Carolina court adjudicated the child to be neglected and placed the child with the grandmother, it ultimately was determined—based upon prior proceedings that had transpired in this state—that Family Court would exercise exclusive and continuing jurisdiction over the custody and visitation issues. Family Court added the grandmother as a named respondent in proceeding No. 2 and thereafter awarded the father and grandmother, both of whom resided in Massachusetts, temporary legal custody of the child with physical custody to the grandmother.

These matters proceeded to a hearing in April 2011, at the conclusion of which Family Court awarded the father and grandmother joint legal custody of the child with primary physical custody to the grandmother. The mother was awarded unlimited telephone contact with the child and such visitation as the parties could mutually agree. Family Court also found the mother to be in willful violation of the 2009 custody order and imposed a 30-day suspended sentence. This appeal by the mother ensued.

We affirm. Initially, we reject the mother's assertion that Family Court abused its sound discretion in concluding that she willfully violated the 2009 custody order by relocating to North Carolina without providing the father with an address and telephone number where the child could be reached and, further, by being intoxicated while caring for the child on September 5, 2010. In this regard, the mother concedes that she violated the aforementioned order by being intoxicated while the child was in her custody on that date[2] and, despite her protestations to the contrary, the record reveals that the mother did not provide the father with an address or telephone number

**1.** On that date, the mother and the maternal aunt, both of whom had been drinking heavily, became embroiled in a drunken brawl, and the child, then just shy of nine years old, sustained various injuries when she attempted to intervene. As a result of this incident, the child was removed from the mother's home and placed in foster care in North Carolina.

**2.** The mother's blood alcohol level that evening measured .14%.

upon relocating to North Carolina, thereby impeding the father's telephone access to the child. Accordingly, we discern no basis upon which to disturb Family Court's finding that the mother "willfully violated a clear and unequivocal mandate of the court" (*Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008] [internal quotation marks and citation omitted]; *see Matter of Jatie P. [Joseph Q.]*, 88 AD3d 1178, 1180 [2011], *lv dismissed* 18 NY3d 878 [2012]). The mother's assertion that the 30-day suspended sentence imposed was unduly harsh is equally unavailing.

As for Family Court's decision to divest the mother of custody, there is no question that "a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Carpenter v Puglese*, 94 AD3d 1367, 1368 [2012] [internal quotation marks and citation omitted]; *accord Matter of Ferguson v Skelly*, 80 AD3d 903, 904 [2011], *lv denied* 16 NY3d 710 [2011]). That said, "the biological parent may be supplanted where he or she engages in 'gross misconduct or other behavior evincing an utter indifference and irresponsibility' relative to the parental role" (*Matter of James NN. v Cortland County Dept. of Social Servs.*, 90 AD3d 1096, 1098 [2011], quoting *Matter of Gray v Chambers*, 222 AD2d 753, 754 [1995], *lv denied* 87 NY2d 811 [1996]; *see Matter of Aylward v Bailey*, 91 AD3d 1135, 1136 [2012]) or, alternatively, where he or she "has failed either to maintain substantial, repeated and continuous contact with [the] child or to plan for the child's future" (*Matter of Ferguson v Skelly*, 80 AD3d at 905; *see Matter of Carpenter v Puglese*, 94 AD3d at 1368; *Matter of Golden v Golden*, 91 AD3d 1042, 1043 [2012]).

By her own admission, the mother has a long-standing history of alcohol abuse. Although she successfully completed a drug treatment court in 2008, the mother conceded that she continued to drink,[3] did not attend the required number of Alcoholics Anonymous meetings and, with the exception of such meetings, was not in treatment at the time of the hearing. Despite acknowledging that she is an alcoholic, the mother did not consider her admitted intoxication on September 5, 2010—or any of the other occasions when she drank—to be a relapse. In addition to her documented alcohol abuse, the mother admitted

---

**3.** The mother consumed between 6 and 12 beers on the day in question, admitted that she was legally intoxicated at that point and testified that this was not the first time she had consumed alcohol since completing the drug treatment program.

that she had a "nervous breakdown" following the September 2010 incident and alluded to unspecified mental health issues, which appear to have gone largely unaddressed and untreated. Perhaps most disturbing, however, is the mother's consistent attempts to minimize her behavior—placing a substantial portion of the blame for the September 2010 altercation upon her sister—and her limited insight into both her treatment needs and the effect that her behavior has upon her child's well-being.

Additionally, the record reflects that the mother had only limited telephone contact with the child after she was placed in the grandmother's custody (for which she blamed the father and/or the grandmother), made no attempt to gain any information regarding the child's schooling (for which she blamed a prior, unspecified court order) and offered no plan for the child's future. Indeed, the mother indicated that if she could not have custody of the child, she would waive her visitation rights— citing the expense associated with traveling from North Carolina to Massachusetts, as well as her apparent lack of desire to "have a visit where there's no reunification."

In light of the foregoing, and "according [due] deference to Family Court's factual findings and credibility determinations" (*Matter of Golden v Golden*, 91 AD3d at 1043), we find a sound and substantial basis in the record to support Family Court's finding of extraordinary circumstances—specifically, that the mother's demonstrated irresponsibility and failure to plan for the child's future rose to the level of persistent neglect (*see Matter of Tennant v Philpot*, 77 AD3d 1086, 1088-1089 [2010]). Additionally, although not addressed by Family Court, we are of the view that the mother's consistent lack of judgment—stemming largely from her admitted alcohol abuse and asserted mental health issues—is sufficient to demonstrate parental unfitness (*see Matter of James NN. v Cortland County Dept. of Social Servs.*, 90 AD3d at 1098-1099).

Finally, based upon a totality of the circumstances (*see Matter of Carpenter v Puglese*, 94 AD3d at 1369), we are persuaded that it is in the child's best interests to award the father and grandmother joint legal custody with primary physical custody to the grandmother, who has been the main source of stability in the child's life. The mother's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.