■ In the Matter of THERESA ETTARI, Respondent, v JUSTINE PEART, Now Known as JUSTINE GAUCKLER, Appellant, and MICHAEL E. EGAN, Respondent. (And Another Related Proceeding.) [973 NYS2d 456]—

Rose, J. Appeal from an order of the Family Court of Schenectady County (Clark, J.), entered October 4, 2011, which, among other things, granted petitioner's amended application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' children.

Respondents, Justine Peart (hereinafter the mother) and Michael E. Egan (hereinafter the father), were living together when their son was born in 2007. The mother moved out soon thereafter and their daughter was born later that year, four months premature. Pursuant to a 2008 Family Court order, the mother and father had joint legal custody of the son with primary physical custody to the father and three nights of parenting time a week to the mother. The mother often failed to exercise her parenting time, however, and the father regularly relied on petitioner, the paternal grandmother, for childcare. Petitioner also assisted the mother in caring for the daughter, having been present for her birth and believing that she was her grandchild even though paternity was not established until 2009.

Later in 2008, the mother consented to findings of neglect based upon allegations that she was abusing prescription medication and marihuana, hitting the children, locking them in their rooms and giving them cold medicine to sleep. An order of supervision was then entered to address her substance abuse and mental health issues. In 2009, the mother moved to Tennessee, taking first the daughter and then, after the father was incarcerated for an armed robbery, the son. Petitioner then commenced this proceeding seeking sole custody of the children. The father, who had pleaded guilty to the robbery and been sentenced to a 13½-year prison term, supported petitioner's request. Following a fact-finding hearing, petitioner was awarded sole custody of the children and the mother appeals.

As a nonparent seeking custody, petitioner bears the heavy burden of first establishing the existence of extraordinary cir-

cumstances so as to overcome the mother's superior right of custody and, once established, custody is then to be determined based upon the children's best interests (*see Matter of Marcus CC. v Erica BB.*, 107 AD3d 1243, 1244-1245 [2013], *appeal dismissed* 22 NY3d 911 [2013]; *Matter of James NN. v Cortland County Dept. of Social Servs.*, 90 AD3d 1096, 1097 [2011]; *Matter of Tennant v Philpot*, 77 AD3d 1086, 1087-1088 [2010]). Here, the record confirms Family Court's findings that the mother has a history of instability, having moved frequently, continues to drink alcohol and use drugs, and suffers from untreated mental illness. She surreptitiously married an inmate while living with the father and, despite her knowledge to the contrary, she named a parolee as the daughter's father. Her current husband is an admitted drug abuser with an outstanding warrant for his arrest and an order of protection in New York preventing him from being the sole caretaker for the children. Although the mother spent time in inpatient drug rehabilitation, she denied that she had a substance abuse problem and claimed that she only went to treatment because she was homeless.

The record also reflects that the mother places her own needs above those of the children and is unfit as a parent. Among other things, she physically and verbally abused the children, exposed them to cigarette and marihuana smoke despite the son's asthma and the daughter's respiratory issues, and she failed to adequately address their needs, often locking them in their rooms without attention and drugging them with cold medication. According the requisite great deference to Family Court's factual findings and credibility determinations, our review of the record reveals a sound and substantial basis to support the court's finding of extraordinary circumstances (*see Matter of Darrow v Darrow*, 106 AD3d 1388, 1392 [2013]; *Matter of Rodriguez v Delacruz-Swan*, 100 AD3d 1286, 1287 [2012]; *Matter of VanDee v Bean*, 66 AD3d 1253, 1255 [2009]).

To the extent that the mother challenges the best interests determination, we agree with Family Court that the record provides ample support for an award of sole custody to petitioner (*see Matter of Carpenter v Puglese*, 94 AD3d 1367, 1369 [2012]; *Matter of Tennant v Philpot*, 77 AD3d at 1089). Finally, inasmuch as a permanent order of custody has been entered, the mother's argument regarding the award of temporary custody to petitioner during the pendency of these proceedings is moot (*see Posporelis v Posporelis*, 41 AD3d 986, 988 [2007]).

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.