In the Matter of AIDA B., Respondent, v ALFREDO C., Appellant, et al., Respondent. [980 NYS2d 601]—

Lahtinen, J. Appeal from two orders of the Family Court of Schenectady County (Taub, J.H.O.), entered August 15, 2012 and August 28, 2012, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' children.

Respondent Alfredo C. (hereinafter the father) and respon-

dent Gwendolyn E. (hereinafter the mother) are the parents of three children, Chassity (born in 2006), Niaire (born in 2007) and Margarita (born in 2009), who are the subjects of this proceeding. After the couple separated, the mother took physical custody of the children and an order was entered on consent in July 2010, permitting the father parenting time every Saturday between 10:00 a.m. and 4:00 p.m. Shortly thereafter, in September 2010, the Schenectady County Department of Social Services (hereinafter DSS) commenced a neglect proceeding against the mother, and Family Court (Powers, J.) issued an order the next day temporarily removing the children from the home and placing them in the custody of DSS. In January 2011, Family Court issued a modified order, placing the children with petitioner, their paternal grandmother. Thereafter, in August 2011, Family Court issued an order finding the children to be neglected, placing the children under the care of DSS for one year and committing them to the care of petitioner.

Petitioner commenced this proceeding in March 2012, seeking custody of the children. Following several conferences, the court commenced a trial on July 31, 2012 at which DSS was present, petitioner and the mother appeared with counsel and the father was represented by counsel, but did not appear. The parties informed Family Court (Taub, J.H.O.) that they had reached an agreement that the parties would share joint legal custody of the children with primary physical custody and final decision-making authority residing with petitioner and, as relevant here, the father would have visitation on Saturdays and Sundays from 12:00 p.m. to 6:00 p.m. However, petitioner objected to the father's proposed visitation and the court then commenced the hearing, after which it proclaimed that the father had "defaulted," and ordered joint legal custody to petitioner, the father and the mother with primary physical custody to petitioner. Furthermore, the court directed parenting time for the father at the times and places mutually agreeable to petitioner and him, subject to conditions set by petitioner with respect to supervision. The court's decision was reduced to a written order and a superceding order in August 2012 from which the father now appeals.

We modify. As a threshold matter, we find unpersuasive the father's argument that Family Court abused its discretion by directing the trial scheduled for July 31, 2012 to begin in his absence. A full evidentiary hearing was conducted, the father was competently represented by counsel, who indicated that she would proceed without him, and the court rendered its decision on the merits (*see Matter of Rosalyn YY. v Otsego County Dept.*

*of Social Servs.*, 101 AD3d 1401, 1403 [2012]; *Matter of Corey UU. [Donna UU.]*, 85 AD3d 1255, 1256 n 1 [2011], *lv denied* 17 NY3d 708 [2011]). Nor did the court abuse its discretion in declining to grant an adjournment for the purpose of the father's attendance and testimony (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Rosalyn YY. v Otsego County Dept. of Social Servs.*, 101 AD3d at 1403; *Matter of Beverly EE. [Ryan FF.]*, 88 AD3d 1086, 1088 [2011]), which, in any event, was never requested by counsel (*see Matter of Arianna BB. [Tracy DD.]*, 110 AD3d 1194, 1195 [2013], *lv denied* 22 NY3d 858 [2014], *lv denied* 22 NY3d 858 [2014]; *Matter of Rosalyn YY. v Otsego County Dept. of Social Servs.*, 101 AD3d at 1403; *Matter of Alexander G. [Tatiana G.]*, 93 AD3d 904, 905 n [2012]). Furthermore, the father was well aware of the trial date, having been present at a May 15, 2012 conference when the date was set, had a history of nonappearance and failed to proffer a good excuse for failing to appear, allegedly choosing to attend work instead of the trial.

Turning to the merits, the father contends that there were no extraordinary circumstances present to support the award of custody to petitioner. When a nonparent seeks custody, he or she bears the heavy burden of first establishing the existence of extraordinary circumstances to overcome the biological parents' superior right of custody (*see Matter of Ettari v Peart*, 110 AD3d 1256, 1256-1257 [2013]; *Matter of Golden v Golden*, 91 AD3d 1042, 1043 [2012]; *Matter of Daphne OO. v Frederick QQ.*, 88 AD3d 1167, 1168 [2011]). Factors to be considered in determining the existence of extraordinary circumstances include " 'the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role' " (*Matter of Burton v Barrett*, 104 AD3d 1084, 1085 [2013], quoting *Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]; *accord Matter of Marcus CC . v Erica BB.*, 107 AD3d 1243, 1244-1245 [2013], *appeal dismissed* 22 NY3d 911 [2013]). Extraordinary circumstances have been found where a parent has voluntarily relinquished care and control of a child and the child has resided in the household of a grandparent for 24 continuous months (*see e.g. Matter of Ferguson v Skelly*, 80 AD3d 903, 904 [2011], *lv denied* 16 NY3d 710 [2011]; *Matter of Arlene Y. v Warren County Dept. of Social Servs.*, 76 AD3d 720, 721 [2010], *lv denied* 15 NY3d 713 [2010]; *see also* Domestic Relations Law § 72 [2] [a], [b]). Once extraordinary circumstances have been established, custody must then be determined according to the best interests of the children (*see Matter of Ettari v Peart*, 110 AD3d at 1257; *Matter*

*of Marcus CC. v Erica BB.*, 107 AD3d at 1245; *Matter of Tennant v Philpot*, 77 AD3d 1086, 1087-1088 [2010]).

Here, the record demonstrates that the children did not reside with the father for more than 2½ years between the time he separated from the mother and the trial, at least 18 months of which the children resided continuously with petitioner. During that time, the father sporadically participated with supervised visitation, did not participate in the children's medical care or schooling and did not support the children financially. Petitioner testified in July 2012 that the father had not seen the children for one month, his last visit previous to that was Christmas 2011 and he does not give the children gifts or send them cards on their birthdays. Accordingly, Family Court did not err in finding that extraordinary circumstances were present and that the best interests of the children were served by a grant of custody to petitioner.

However, we find merit to the father's contention that Family Court erred in granting visitation subject to conditions of supervision set at the sole discretion of petitioner. Family Court is required to determine the issue of visitation in accord with the best interests of the children and fashion a schedule that permits a noncustodial parent to have frequent and regular access (*see Matter of Nicolette I. [Leslie I.]*, 110 AD3d 1250, 1255 [2013]; *Matter of Taylor v Jackson*, 95 AD3d 1604, 1605 [2012]). In doing so, the court may not delegate its authority to make such decisions to a party (*see Matter of Taylor v Jackson*, 95 AD3d at 1605; *Matter of William BB. v Susan DD.*, 31 AD3d 907, 908 [2006]; *Matter of Kargoe v Mitchell*, 12 AD3d 978, 979-980 [2004], *lv dismissed* 4 NY3d 794 [2005]). Here, in light of the father's apparent history of domestic violence and failure to submit to a substance abuse screen, the court did not err in requiring that the father be subject to supervised visitation. However, inasmuch as the court granted complete authority to petitioner to determine the father's access to the children and under what conditions that access may occur, the court impermissibly abdicated its responsibility to ensure that the father has regular and meaningful visitation with the children and, therefore, the matter must be remitted for a hearing and redetermination in this regard (*see Matter of Nicolette I. [Leslie I.]*, 110 AD3d at 1255; *Matter of Taylor v Jackson*, 95 AD3d at 1605).

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as provided for visitation with respondent Alfredo C.; matter remitted to the Family Court of Schenectady County

for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.