McCarthy, J.P.
Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered April 10, 2014, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner is the biological mother of a daughter (born in 2002). Respondent is a nonparent of the child who became acquainted with the mother during petitioner’s stay at a drug treatment facility where respondent was employed. In early 2003, the child was removed from petitioner’s custody and Family Court (Maney, J.) awarded custody of the child to respondent shortly thereafter.
In November 2013, petitioner commenced this proceeding seeking to modify a 2012 order — in which custody was continued with respondent with certain visitation time to petitioner — so as to award her custody of the child. Family Court (M. Walsh, J.) dismissed the petition after a hearing, and petitioner now appeals, contending only that Family Court erred in finding that respondent met her burden of establishing extraordinary circumstances.
Given the absence of a prior judicial determination or admission of extraordinary circumstances warranting petitioner’s deprivation of custody, respondent had the burden of establishing that such circumstances warranted respondent’s continued custody of the child so as to overcome petitioner’s superior right to custody (see Matter of McBride v Springsteen-El, 106 AD3d 1402, 1404 [2013]; Matter of Guinta v Doxtator, 20 AD3d 47, 50-51 [2005]). “In ascertaining whether extraordinary circumstances exist, factors to be considered include the length of *1147 time the child has lived with the nonparent, the quality of that relationship and the length of time the . . . parent allowed such custody to continue without trying to assume the primary parental role” (Matter of Bevins v Witherbee, 20 AD3d 718, 719 [2005] [citation omitted]; accord Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1048 [2014]).
By the time the child was approximately nine months old, she had been removed from petitioner’s custody and placed in respondent’s custody, where she has remained. After petitioner relinquished custody of the child to respondent, she did not make efforts to regain custody of the child for approximately nine years thereafter. Further, the proof established that petitioner’s visitation with the child was sporadic for the majority of that time period, during much of which — according to petitioner — she was addicted to cocaine. In addition, unrebutted proof established that the child had repeatedly stated — to petitioner and to her primary care provider — her strong preference that respondent, and not petitioner, have custody of her, indicating the high quality of the child’s relationship with respondent. Considering this evidence, Family Court did not err in finding that extraordinary circumstances were present (see Matter of Aida B. v Alfredo C., 114 AD3d at 1049; Matter of Ferguson v Skelly, 80 AD3d 903, 904 [2011], lv denied 16 NY3d 710 [2011]). Accordingly, given this conclusion and considering that petitioner does not contest Family Court’s determination that the best interests of the child were served by the child remaining in respondent’s custody, we affirm.
Egan Jr., Lynch and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.