*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                518260
_____

In the Matter of ELIZABETH SS.,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

GRACEALEE SS.,
                    Appellant,
                    et al.,
                    Respondent.
_____


Calendar Date:   November 19, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
         Devine, JJ.

                    _____


        Allen E. Stone Jr., Vestal, for appellant.

        Paul R. Corradini, Elmira, for Elizabeth SS., respondent.

        Michael P. Graven, Owego, attorney for the child.

                    _____


Lynch, J.

        Appeal from an order of the Family Court of Chemung County
(Argetsinger, J.H.O.), entered December 19, 2013, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the mother) is the mother and
respondent Gracealee SS. (hereinafter the grandmother) is the
paternal grandmother of a child born in 2007.  The mother and
respondent Eric SS. (hereinafter the father) were married but, in
2010, the mother left the marital residence due to alleged
domestic violence and moved into a domestic violence shelter,

leaving the child in the grandmother's care.  Thereafter, in June 2010, Family Court awarded legal and physical custody of the child to the grandmother with limited parenting time to the mother.  The parties continued to appear before the court periodically, and additional orders were entered that, insofar as is relevant here, increased the mother's parenting time and, in January 2011, awarded the mother joint legal custody to be shared with the father and the grandmother.  In June 2013, the mother petitioned for full custody of the child.  Following a fact-finding hearing, Family Court granted physical custody to the mother, joint legal custody to the mother and father, and allowed the grandmother and the father limited visitation and parenting time.  The grandmother now appeals.[1]

The grandmother contends that Family Court erred when it determined that there were no extraordinary circumstances to award custody to a nonparent.  It is well settled that, in the absence of extraordinary circumstances such as surrender, abandonment, persistent neglect, unfitness or an extended period of custody disruption, a parent has a claim of custody to his or her child superior to all others (see Matter of Lina Y. v Audra Z., 132 AD3d 1086, 1086 [2015]; Matter of Ferguson v Skelly, 80 AD3d 903, 904 [2011], lv denied 16 NY3d 710 [2011]).  Here, since no finding of extraordinary circumstances had previously been made, the grandmother bore "the heavy burden of first establishing the existence of extraordinary circumstances to overcome the . . . parents' superior right of custody" (Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1048 [2014]; see Matter of Rumpff v Schorpp, 133 AD3d 1109, 1110 [2015]).  Only upon such a showing would Family Court proceed to address the issue of the child's best interests (Matter of Rumpff v Schorpp, 133 AD3d at 1110).  Relevant here, "a prolonged separation of the . . . parent and the child for at least [24] continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of [a] grandparent" may constitute a disruption of custody sufficient to demonstrate extraordinary circumstances (Domestic Relations Law § 72 [2] [b];

---

[1]  The father has submitted a letter to this Court to advise that he supports the grandmother's appeal.

accord Matter of Ferguson v Skelly, 80 AD3d at 904; see Matter of Gale v Gray, 39 AD3d 903, 904 [2007]).  "An order placing a child in a nonparent's custody upon a parent's consent is neither a judicial finding nor an admission of extraordinary circumstances" (Matter of Rumpff v Schorpp, 133 AD3d at 1110 [citation omitted]; see Matter of Liz WW. v Shakiria XX., 128 AD3d 1118, 1120 [2015], lv dismissed 25 NY3d 1195 [2015]).  Moreover, if the parent spends the period of separation trying to regain custody of his or her child, that period would not necessarily support a finding of extraordinary circumstances (see Matter of Gale v Gray, 39 AD3d at 904-905).

Here, the mother initially allowed the grandmother to care for the child because the child was not allowed at the domestic violence shelter — a decision characterized by Family Court as a "temporary emergency situation."  In July 2010, the mother relocated approximately one hour away to be closer to her parents.  She began living with a childhood friend and worked caring for his children during the day.  That relationship turned from platonic to romantic, they had a child and they are now engaged to be married.  During the three years that the grandmother had primary physical custody of the child, the mother endeavored to establish a stable environment for herself and the child and repeatedly attempted to regain custody.  As noted by Family Court, the grandmother was not supportive of the mother's efforts to see the child, and the grandmother's repeated allegations that the mother was not fit were deemed to be unfounded.  Although the attorney for the child contends that Family Court should have given greater weight to the testimony of the therapist who sees the child at his school, it is well settled that, in custody cases, Family Court's assessment of the reliability of evidence and its credibility determinations are entitled to our deference (see Matter of Ettari v Peart, 110 AD3d 1256, 1257-1258 [2013]).  In our view, there is a sound and substantial basis in the record for Family Court's determination that the grandmother did not demonstrate the existence of extraordinary circumstances (see Matter of Mildred PP. v Samantha QQ., 110 AD3d 1160, 1161 [2013]).

Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court