Matter of Diedrichs v McAvoy (2023 NY Slip Op 04038)

Matter of Diedrichs v McAvoy

2023 NY Slip Op 04038

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

472 CAF 21-01782

[*1]IN THE MATTER OF KAROLINE DIEDRICHS, PETITIONER-APPELLANT,
v
CHRISTOPHER G. MCAVOY, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 

CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-APPELLANT.
JOSEPH S. DRESSNER, CANANDAIGUA, FOR RESPONDENT-RESPONDENT.
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered November 16, 2021, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 6 seeking to modify a prior custody and visitation order entered on stipulation by awarding her "joint custody [and] placement" of the child with visitation to respondent father. The mother appeals from an order that effectively granted the father's motion to dismiss the petition.
It is well settled that "[w]here an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ ]" (Matter of Berg v Stoufer-Quinn, 179 AD3d 1544, 1544 [4th Dept 2020] [internal quotation marks omitted]; see Matter of McKenzie v Polk, 166 AD3d 1529, 1529 [4th Dept 2018]; Matter of Hight v Hight, 19 AD3d 1159, 1160 [4th Dept 2005]). "[O]ne who seeks to modify an existing order of [custody and] visitation is not automatically entitled to a hearing [and] must make some evidentiary showing sufficient to warrant it" (Matter of Moreno v Elliott, 170 AD3d 1610, 1612 [4th Dept 2019] [internal quotation marks omitted]; see Berg, 179 AD3d at 1545). Here, we conclude that the mother failed to establish the requisite change in circumstances, and Family Court therefore did not err in granting the father's motion to dismiss the petition (see Matter of Jessica EE. v Joshua EE., 188 AD3d 1479, 1481-1482 [3d Dept 2020]; see also Berg, 179 AD3d at 1545; Matter of De Cicco v De Cicco, 29 AD3d 1095, 1096 [3d Dept 2006]; see generally Matter of Chrysler v Fabian, 66 AD3d 1446, 1447 [4th Dept 2009], lv denied 13 NY3d 715 [2010]).
The mother also contends that the court erred in failing to modify the prior custody and visitation order by setting forth an appropriate supervised visitation schedule for her with the child. However, the mother did not request that relief in her petition (see generally Matter of Sharon V. v Melanie T., 85 AD3d 1353, 1356 [3d Dept 2011]; Matter of Moorhead v Coss, 17 AD3d 725, 726 [3d Dept 2005]; Matter of Michael G.B. v Angela L.B., 219 AD2d 289, 295 [4th Dept 1996]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court