■ In the Matter of CATHERINE K., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EFFIE K., Appellant. [682 NYS2d 700] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 5, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Catherine K. a permanently neglected child, and terminated respondent's parental rights.

Catherine K., who is the subject of this proceeding, was born in 1989. She was removed from respondent's home and placed in foster care in 1994 in connection with the filing of a neglect petition and a subsequent neglect adjudication against respondent. Two years later, petitioner brought the present proceeding to adjudicate Catherine a permanently neglected child and to terminate respondent's parental rights on the basis of claims that respondent had failed to plan for Catherine's future and

that she suffered from mental illness rendering her unable to care for her child. Following a fact-finding hearing, Family Court determined that the child was permanently neglected due to respondent's failure to plan for her future and due to respondent's mental illness. A dispositional hearing followed, and Family Court rendered an order terminating respondent's parental rights.

On appeal, respondent makes no claim that the evidence adduced at the fact-finding hearing was insufficient to support Family Court's implicit findings that respondent failed for a period of more than one year to plan for the future of her child (Social Services Law § 384-b [7] [a]), that petitioner made "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]) or that respondent was "presently and for the foreseeable future unable, by reason of mental illness * * * to provide proper and adequate care for [her] child" (Social Services Law § 384-b [4] [c]; see, e.g., Matter of Joseph ZZ. [Mary A.], 245 AD2d 881, lv denied 91 NY2d 810). Rather, she limits her analysis to four discrete errors allegedly committed at the fact-finding hearing which, she asserts, warrant our reversal of Family Court's order and remittal for a new trial. We are unpersuaded and accordingly affirm.

The assertion that petitioner's attorney "unfairly interjected her credibility into the hearing and violated the 'unsworn witness rule' both in her trial memorandum and during her opening statement" fails on three separate bases. First, respondent having neglected to raise any objection in Family Court, the claimed error is unpreserved for our consideration (see, Matter of Jason N., 178 AD2d 793, 794). Second, we seriously question whether the cases relied upon by respondent, decided on the basis of the unsworn witness rule, "founded upon the possible danger that the jury [in a criminal action], impressed by the prestige of the office of the District Attorney, will accord great weight to the beliefs and opinions of the prosecutor" (People v Paperno, 54 NY2d 294, 301), have any reasonable application in a nonjury Family Court proceeding. Third, based upon our review of petitioner's trial memorandum and opening statement, we conclude that its attorney did not in any event inject her own credibility into the trial.

Respondent's remaining assertions of error are similarly flawed. Respondent raised no timely objection to Family Court's questioning of one of petitioner's witnesses. Further, the questioning was by no means improper but served to clarify the witness's testimony and helped to expedite the proceeding

(*see, Matter of Sean C.*, 124 AD2d 583). Nor has respondent shown how she was prejudiced by Family Court's denial of her request that prospective witnesses be excluded from the courtroom, and we conclude that there was no abuse of discretion in that regard (*see generally, Matter of Katherine B.*, 189 AD2d 443, 446). Finally, Family Court did not err in receiving the report of an examining psychologist appointed pursuant to Social Services Law § 384-b (6) (e).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.