■ In the Matter of JOANNE R. BEVINS, Respondent, v SHAWN D. WITHERBEE, Appellant, et al., Respondent. (And Two Other Related Proceedings.) [798 NYS2d 245]—

Rose, J. Appeal from an order of the Family Court of Essex County (Lewis, J.H.O.), entered June 17, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of petitioner's grandchild.

Respondent Jenny Lynn La Rose and respondent Shawn D. Witherbee (hereinafter respondent) are the biological parents of a daughter born in 1998. Petitioner is the child's paternal grandmother. The child resided with respondent and La Rose until La Rose left when the child was seven months old. From that time until the child was a little more than four years old, respondent voluntarily placed her in petitioner's custody and she resided primarily at petitioner's home. In June 2002, respondent took the child on a camping trip. He then refused to return the child to petitioner's care and denied petitioner any visitation with her. Petitioner commenced this proceeding to regain physical custody of the child, and a temporary order of

custody returned the child to petitioner's care in May 2003. Following a hearing, Family Court found extraordinary circumstances that conferred standing upon petitioner, awarded petitioner sole physical and legal custody of the child, and granted respondent weekly visitation of one weekday evening and one weekend day.* Respondent appeals.

We affirm. "It is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Gray v Chambers*, 222 AD2d 753, 753 [1995], *lv denied* 87 NY2d 811 [1996] [citations omitted]). If the court determines that extraordinary circumstances exist, such as where a nonparent has physical custody for an extended period of time (*see Matter of Oscarson v Maresca*, 232 AD2d 732, 733-734 [1996]), the court's determination of custody must then be made in the child's best interests (*see e.g. Matter of Ratliff v Glanda*, 263 AD2d 816, 817 [1999]).

In ascertaining whether extraordinary circumstances exist, factors to be considered include the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role (*see Matter of McDevitt v Stimpson*, 281 AD2d 860, 862 [2001]). In reviewing such a determination, we accord great deference to Family Court's factual findings given its opportunity to view the witnesses and assess their credibility (*see Matter of McDevitt v Stimpson*, 1 AD3d 811, 812 [2003], *lv denied* 1 NY3d 509 [2004]).

The record here confirms Family Court's finding that the child resided with petitioner for approximately 53 of the first 74 months of her life at respondent's initial request and with his continued acquiescence. Respondent's testimony concerning a portion of that time period disputed that petitioner had custody of the child on occasions other than when he was working. Given this testimony, Family Court allowed that there may have been no continuous period of 24 months during which respondent had relinquished all care and custody of his daughter to petitioner, which would have constituted an extended disruption of custody under Domestic Relations Law § 72 (2) (b). Nonetheless, Family Court appropriately concluded that the child's

---

* La Rose did not contest petitioner's application for custody or appear at the fact-finding hearing, and Family Court did not consider her in making its custody determination.

extended residence with petitioner justified a finding of extraordinary circumstances, particularly since respondent made few efforts to maintain contact with the child while she was in petitioner's care (*see Matter of Michelle V. v Lillian P.*, 1 AD3d 272, 273 [2003]; *cf. Matter of Campbell v Brewster*, 9 AD3d 620, 622 [2004]). Giving due deference to the court's assessment of the parties' credibility, we find no basis to disturb Family Court's finding of extraordinary circumstances.

We reach a similar conclusion with regard to Family Court's analysis of the child's best interests. At the hearing, petitioner submitted testimony and reports that included, among other things, descriptions of the child's diagnosed psychological and behavioral problems, the child's progress in school and the child's contrasting behaviors while in petitioner's custody and in respondent's custody. This evidence showed that respondent has little or no insight into the child's special needs, withheld medications prescribed for her psychological conditions, used punishment to curtail the child's undesired behavior instead and continued to smoke in his home and in the child's presence even though she is allergic to smoke. While respondent disputes the child's need for medication, he offered no expert testimony disputing the testimony offered by the witnesses and medical reports submitted by petitioner. Other evidence showed that respondent has paid little attention to the child's schooling and exposed the child to profanity and obscene gestures which she has inappropriately mimicked. By contrast, the evidence showed that petitioner is conscientious in providing needed medications to the child, and the child has thrived under petitioner's care. Accordingly, we conclude that Family Court's decision to continue custody of the child with petitioner has a sound basis in the record. Further, we are unable to discern any basis upon which to alter Family Court's visitation schedule (*see Matter of Williams v Tillman*, 289 AD2d 885, 885 [2001]).

Finally, respondent's contention that hearsay evidence was admitted at the hearing is unpreserved for our consideration due to respondent's failure to raise the issue in Family Court (*see Matter of Catherine K.*, 256 AD2d 1025, 1026 [1998]).

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.