In the Matter of LaLonie Kowalsky et al., Respondents, v Alan Converse, Appellant, et al., Respondent. (And Another Related Proceeding.) [912 NYS2d 760]—

Malone Jr., J. Appeal from an order of the Family Court of Warren County (Breen, J.), dated September 25, 2009, which, among other things, granted petitioners' application, in two proceedings pursuant to Family Ct Act article 6, for custody of the subject child.

In February 2007, the subject child (born in 1998) was removed from the custody of her father, respondent Alan Converse (hereinafter the father), and her mother after the parents' house was deemed unfit and unsafe. During the pendency of an ensuing neglect proceeding, the child was placed with petitioners, her paternal aunt and uncle, in their home in Pennsylvania. Thereafter, respondent Courtney Converse, the child's half sister (hereinafter the sister), and the father were awarded joint legal custody of the child, with primary physical custody with the sister.[1] However, the sister relinquished custody of the child several months later, at which time the child was returned to petitioners' care pursuant to a temporary order of custody and visitation.

In 2009, petitioners and the father commenced separate proceedings seeking sole legal and physical custody of the child. Following a fact-finding hearing, Family Court found that

1. The child's mother died in June 2007.

petitioners had demonstrated that extraordinary circumstances existed justifying an award of custody to a nonparent and, upon a consideration of the child's best interests, awarded petitioners sole legal and physical custody. The father appeals.

"It is fundamental that a biological parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Moseley v White*, 74 AD3d 1424, 1425 [2010] [internal quotation marks and citations omitted]; *see Matter of VanDee v Bean*, 66 AD3d 1253, 1254 [2009]). Here, the evidence at the fact-finding hearing reveals that, at the time the child was removed from the father's care, the father's house was an unsanitary and inappropriate environment for the child. Among other things, the child was inadequately clothed and fed, she was exposed to used and unsecured syringes and medicines, and the house was littered with animal feces, garbage and debris. After the child was removed from his care, the father told the child that he wanted to die and threatened to kill himself in front of her. The father admitted that he had suffered from suicidal ideation after his wife died and suffered from depression, although he did not regularly attend treatment. While the child was in her sister's care, the father did not make an effort to attend the child's medical appointments or be involved in her counseling sessions. In the year prior to the hearing, the father visited the child at petitioners' house only twice, despite petitioners' offer of assistance to him.

In contrast, the evidence established that petitioners have cared for the child since 2007, other than a few months in 2008 when she was in her sister's care, and have provided a safe and stable environment for her. In petitioners' care, the child regularly attends counseling, is successful in school and has made friends there, and has bonded with petitioners and their three children. Considering all of the foregoing, and according deference to Family Court's credibility determinations and resolution of conflicting testimony, we find that Family Court's determination that extraordinary circumstances existed is supported by substantial evidence in the record (*see Matter of Moseley v White*, 74 AD3d at 1426; *Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d 1359, 1360 [2010], *lv denied* 15 NY3d 703 [2010]). "Once extraordinary circumstances have been established, the controlling consideration in determining custody is the best interest of the child" (*Matter of Bennor v Hewson*, 47 AD3d 1136, 1137 [2008], *lv denied* 10 NY3d 710

[2008] [citations omitted]; *accord Matter of Lori MM. v Amanda NN.*, 75 AD3d 774, 775 [2010]).

In that regard, the record reflects that custody to petitioners is in the child's best interest. The father suffers from physical ailments and medical disabilities that prevent him from being able to adequately provide for the child's care. Specifically, he testified that he has knee and hip problems that impair his mobility and that he has certain medical conditions that require him to take many medications. In addition, the hearing testimony of the father's two adult children, as well as evidence of several indicated child protective services reports against him, established that the father has an extensive history of inadequately caring for and providing for his children. On the other hand, by all accounts, petitioners are providing the child with excellent care. Further, the child expressed a strong desire to continue to reside with petitioners and enjoys a close and loving relationship with them and their children. Accordingly, the record supports a finding that an award of sole custody to petitioners is in the child's best interests.

Finally, Family Court's visitation award guarantees the father four supervised visits per year in New York and twice weekly telephone contact, as well as supervised visitation at petitioners' house as the parties may agree. This arrangement provides the father with regular access to the child more frequently than he has historically exercised. Moreover, there is sufficient evidence in the record to support the court's order that the father's visitation be supervised, including evidence indicating that visitation with the father had caused the child some anxiety in the past.[2]

We have reviewed the father's remaining contentions and find they are lacking in merit.

Mercure, J.P., Peters, Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** Although not determinative, we note that the attorney for the child supported an award of custody to petitioners and agreed that the father's visitation should be supervised.