*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014          515815
_____

In the Matter of MANDY BATTISTI,
                    Appellant,
                    et al.,
                    Petitioner,

        v                              MEMORANDUM AND ORDER

JANIS E. BATTISTI,
                    Respondent.

(And Another Related Proceeding.)
_____


Calendar Date:   September 9, 2014

Before:  Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____


        Elena Jaffe Tastensen, Saratoga Springs, for appellant.

        The Lorman Law Firm, Amsterdam (William E. Lorman of
counsel), for respondent.

        Joseph A. Nalli, Fort Plain, attorney for the child.

_____


Clark, J.

        Appeal from an order of the Family Court of Montgomery
County (Cortese, J.), entered November 2, 2012, which, among
other things, dismissed petitioners' application, in a proceeding
pursuant to Family Ct Act article 6, for modification of a prior
order of custody.

        Petitioners (hereinafter collectively referred to as the
parents) are the parents of the child (born in 2002) at the
center of this custody dispute.  Respondent (hereinafter the

aunt) is the sister of petitioner Jeffrey Battisti (hereinafter the father). Since the child's birth, and with the parents' consent, the child has spent a significant amount of time living with the aunt, who has provided for all of her needs. In 2007, the aunt commenced a proceeding to obtain custody of the child and, in July 2007, upon the parents' default, an order was issued by Family Court awarding custody of the child to the aunt with visitation granted to the parents. Since that time, the child has continued to live with the aunt while seeing her parents regularly.

In July 2011, the parents commenced the first of these proceedings seeking to modify the July 2007 order of custody. Shortly thereafter, the parents commenced the second of these proceedings for an order adjudging the aunt to be in violation of the 2007 order. After fact-finding and Lincoln hearings, Family Court dismissed both petitions. Petitioner Mandy Battisti (hereinafter the mother) now appeals contending, among other things, that Family Court erred in determining that extraordinary circumstances were sufficiently proven. Further, the mother argues that the best interests of the child are not served by remaining in the aunt's custody.[1]

We affirm. It is well settled that a "'parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances'" (Matter of Bevins v Witherbee, 20 AD3d 718, 719 [2005], quoting Matter of Gray v Chambers, 222 AD2d 753, 753 [1995], lv denied 87 NY2d 811 [1996]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). The burden of showing that such extraordinary circumstances exist rests with the nonparent challenging the parent's custody (see Matter of Ramos v Ramos, 75 AD3d 1008, 1010 [2010]), and it is only when this threshold demonstration has been achieved that a court may then turn to the question of what custodial arrangement is in the best interests of the child (see Matter of Kowalsky v Converse, 79 AD3d 1310, 1311-1312 [2010]; Matter of Bennor v

_____

[1] The father has not taken part in this appeal.

Hewson, 47 AD3d 1136, 1137 [2008], lv denied 10 NY3d 710 [2008]). As relevant herein, "factors to be considered in an extraordinary circumstances analysis include the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the . . . parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Golden v Golden, 91 AD3d 1042, 1043 [2012] [internal quotation marks and citations omitted]).

Here, the record demonstrates that, since the child's birth, she has spent a significant amount of time living with the aunt. Specifically, the mother testified that, from the child's birth through April 2007, custody was shared between the two women with the child spending approximately three quarters of that time with the aunt. Thereafter, the mother decided that the aunt should have custody of the child on a full-time basis. Similarly, the aunt explained that the child spent extended periods of time with her parents in the years 2003 and 2008, but that the child was always returned to her custody. The record further demonstrates that the aunt provides all of the financial, medical and educational support for the child while any support flowing from the parents is virtually nonexistent. Notably, the child has serious health issues with her kidneys that require constant monitoring; a task undisputedly performed exclusively by the aunt.

The evidence that the parents surrendered custody of the child for much of the child's life and withdrew almost completely from the parental role for an extended period of time, as well as the proof of the strong bond that the child has with the aunt, sufficiently demonstrates the existence of extraordinary circumstances (see Matter of Pettaway v Savage, 87 AD3d 796, 799 [2011], lv denied 18 NY3d 801 [2011]; Matter of Coonradt v Aussicker, 66 AD3d 1143, 1144 [2009]). Furthermore, the parents' failure to address the child's serious health issues and their noninvolvement with the child's everyday life also support the court's finding (see Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1049 [2014]; Matter of Golden v Golden, 91 AD3d at 1043-1044). Thus, we find no reason to disturb the Family Court's conclusion that extraordinary circumstances exist.

Turning then to best interests, whether a given modification will serve the best interests of the child is determined by considering factors such as "maintaining stability in the child[]'s [life], the quality of the respective home environments, the length of time the present custody arrangement has been in place and each [party's] past performance, relative fitness and ability to provide for and guide the child[]'s intellectual and emotional development" (Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014] [internal quotation marks and citation omitted]).  Here, a sound and substantial basis in the record supports Family Court's best interests analysis.  Specifically, the record reveals, among other things, that the child has primarily lived with the aunt for much of her life and that, as a result of the close proximity between the aunt's home and the home of the aunt's parents, the child also shares a close bond to her paternal grandparents.  Additionally, the testimony at fact-finding illustrates that the mother was twice a victim of domestic violence at the hands of the father in the presence of the child and that the father has issues with alcohol abuse.  Furthermore, it remains undisputed that the aunt is the party primarily involved with the child's schoolwork and educational needs and, as addressed above, has assumed responsibility for monitoring of the child's health issues.  Thus, based upon the totality of the circumstances, including the evidence of the past performance of both the aunt and the parents, their respective abilities to provide for the child's medical and educational needs, the aunt's willingness to foster a relationship between the child and her parents and the need to maintain stability in the child's life, we find Family Court's decision to continue custody with the aunt to be supported by a sound and substantial basis in the record (see Matter of Tennant v Philpot, 77 AD3d 1086, 1089 [2010]; Matter of Melody J. v Clinton County Dept. of Social Servs., 72 AD3d 1359, 1362 [2010], lv denied 15 NY3d 703 [2010]).

Finally, the mother's remaining contention that she was not afforded the effective assistance of counsel is without merit.

Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.




            ENTER:

            Robert D. Mayberger
            Clerk of the Court