*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 2, 2015                    517431
_____

In the Matter of JENNIFER
    SWEENEY,
                    Appellant,

        v

PATRICIA SWEENEY et al.,
                    Respondent,
                    et al.,
                    Respondent.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of JENNIFER
    SWEENEY,
                    Appellant,

        v

KATHY DAUB-STEARNS et al.,
                    Respondents.

(Proceeding No. 2.)
_____


Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Jane M. Bloom, Monticello, for appellant.

        Monte J. Rosenstein, Middletown, for Patricia Sweeney,
respondent.

        E. Danielle Jose Decker, Monticello, attorney for the
children.

_____

Devine, J.

Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 18, 2013, which, among other things, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify two prior orders of custody.

Petitioner (hereinafter the mother) and respondent Matthew Daub (hereinafter the father) are the parents of Brianna (born in 2005) and Kayden (born in 2009). Due to the parents' ongoing struggles with substance abuse and periods of incarceration, they consented to the appointment of permanent guardians for the children. Respondent Patricia Sweeney, a maternal aunt, was appointed guardian of Brianna and respondent Kathy Daub-Sterns, the paternal grandmother who lived in Vermont, was appointed guardian of Kayden. Both parents were awarded parenting time with the children. The mother commenced two proceedings to modify the prior guardianship orders, alleging that her successful recovery from her substance abuse issues warranted the children's return to her custody. Following a fact-finding hearing and a Lincoln hearing with Brianna, Family Court dismissed the petitions. The mother now appeals.

It is well settled that a parent has a claim of custody of his or her child that is superior to that of all others, absent surrender, abandonment, persistent neglect, unfitness, disruption of custody over a prolonged period of time or the existence of other extraordinary circumstances (see Matter of Battisti v Battisti, 121 AD3d 1196, 1196-1197 [2014]; Matter of Marcus CC. v Erica BB., 107 AD3d 1243, 1244 [2013], appeal dismissed 22 NY3d 911 [2013]; Matter of Ferguson v Skelly, 80 AD3d 903, 904 [2011], lv denied 16 NY3d 710 [2011]). The nonparent bears the burden of demonstrating the existence of such extraordinary circumstances (see Matter of Aylward v Bailey, 91 AD3d 1135, 1136 [2012]), which may include proof that the parent has neglected "to maintain substantial, repeated and continuous contact with" the children or make plans for their future (Matter of Mildred PP. v Samantha QQ., 110 AD3d 1160, 1161 [2013] [internal quotation marks and citation omitted]; accord Matter of Carpenter v Puglese, 94 AD3d 1367, 1368 [2012]; Matter of Ferguson v Skelly,

80 AD3d at 905).

Sweeney's testimony revealed that, in her two years of caring for Brianna, it was not uncommon for the mother to oversleep and arrive in an untimely manner when she was scheduled to spend time with the child. Moreover, the evidence adduced at the hearing demonstrated that the mother had not taken an active interest in Brianna's daily life, including instances where the mother neglected to respond appropriately to the child's medical needs or become engaged in her educational and social pursuits. Similarly, Daub-Stearns averred that, after Kayden moved in with her family, he was diagnosed and treated for attention deficit hyperactivity disorder that required the creation of an individualized educational program. The mother, however, refused to acknowledge or take efforts to understand Kayden's special needs.

Family Court was reasonably concerned that, despite her completion of rehabilitation for substance abuse, a parenting class and related counseling, the mother had not demonstrated an adequate appreciation of her parental duties and responsibilities to the extent necessary for the return of the children to her custody. In particular, the mother had made no attempt to secure gainful employment or a means of transportation, and she stated that she intended to seek government assistance in order to support her family. Furthermore, at the time of the hearing, the mother admitted to having consistently violated the terms of her probation by traveling out-of-state to visit her brother – who was awaiting sentencing upon his drug offense conviction – without notifying her probation officer. Deferring to Family Court's factual findings and credibility determinations (see Matter of Kowalsky v Converse, 79 AD3d 1310, 1311 [2010]; Matter of Melody J. v Clinton County Dept. of Social Servs., 72 AD3d 1359, 1360 [2010], lv denied 15 NY3d 703 [2010]), we agree with the court's conclusion that extraordinary circumstances existed (see Matter of Battisti v Battisti, 121 AD3d at 1197-1198; Matter of Carpenter v Puglese, 94 AD3d at 1369; Matter of James NN. v Cortland County Dept. of Social Servs., 90 AD3d 1096, 1098 [2011]).

Moreover, Family Court properly determined that the children's best interests would be served by their continued placement with their guardians.  While the separation of the children was not ideal, the court was satisfied that the children were able to see each other during monthly visits, and both children have clearly benefitted from their respective home environments where their unique needs were being addressed.  Thus, we cannot say that the court abused its discretion in concluding that a modification of the existing custody arrangement would be contrary to the children's best interests (see Matter of Battisti v Battisti, 121 AD3d at 1196-1197; Matter of Marcus CC. v Erica BB., 107 AD3d at 1247; Matter of Golden v Golden, 91 AD3d 1042, 1044-1045 [2012]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court