*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 22, 2015               518405
_____

In the Matter of LISA UU. et al.,
                    Respondents,

            v                                MEMORANDUM AND ORDER

SARAH VV.,
                    Appellant.

(And Another Related Proceeding.)
_____


Calendar Date:   September 11, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____


        Norbert A. Higgins, Binghamton, for appellant.

        Law Office of Carman Garufi, Binghamton (Alena E. Van Tull of counsel), for respondents.

        Allen E. Stone, Vestal, attorney for the child.

_____


McCarthy, J.P.

        Appeal from an amended order of the Family Court of Broome County (Connerton, J.), entered January 16, 2014, which, among other things, granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.

        Respondent (hereinafter the mother) is the mother of the subject child (born in 2009).  Petitioner Lisa UU., a licensed daycare provider, and petitioner Alan UU. are a married couple with no familial relation to the subject child.  Petitioners have had temporary custody of the child since September 2012, when the

mother voluntarily gave them such custody before she went to a rehabilitation facility for drug addiction treatment.[1]  At that time, the mother executed a document giving petitioners permission to take temporary custody of the child for a period of 180 days.  Petitioners commenced this proceeding for permanent custody in October 2012 and, in January 2013, the mother commenced a proceeding seeking the return of the subject child to her custody.  Family Court held hearings and thereafter awarded petitioners custody of the child and dismissed the mother's application.  The mother now appeals.

The mother's sole contention is that evidence related to her drug use did not rise to the level of extraordinary circumstances sufficient to overcome the presumption in favor of her custody.  We disagree.  "[A] parent has a claim of custody of his or her child that is superior to that of all others, absent surrender, abandonment, persistent neglect, unfitness, disruption of custody over a prolonged period of time or the existence of other extraordinary circumstances" (Matter of Sweeney v Sweeney, 127 AD3d 1259, 1260 [2015]; see Matter of Battisti v Battisti, 121 AD3d 1196, 1196-1197 [2014]).  Nonparents seeking custody bear the burden of proof for establishing extraordinary circumstances (see Matter of Sweeney v Sweeney, 127 AD3d at 1260; Matter of Aylward v Bailey, 91 AD3d 1135, 1136 [2012]).

The mother acknowledged that she is a drug addict and related that her drug of choice is heroin, which she testified to have begun using when she was 20 years old.  She testified that she has been in recovery since 2011, but has relapsed twice.  According to the mother, her longest period of sobriety was 15 months.  A drug abuse counselor who testified on behalf of the mother identified the mother, at that time, as "kind of sober." The mother acknowledged that, within the previous year, there was an entire month that she could not remember due to her drug use. She further acknowledged that she had been tasked with being the primary care provider for her children during portions of that

_____

[1]  The parental rights of the child's father were previously terminated.

same month.[2]  Further, the mother specifically acknowledged that she had relinquished the child's care to other persons during periods where she was using drugs because she was unable to provide the necessary care to the child.  This evidence that the mother had not consistently maintained sobriety, that she was not maintaining complete sobriety at the time of the hearing and that her drug use had affected her ability to provide sufficient care for the child satisfied petitioners' burden of establishing extraordinary circumstances (see Matter of Sweeney v Sweeney, 127 AD3d at 1261; Matter of Komenda v Dininny, 115 AD3d 1349, 1350 [2014]; Matter of Diana B. v Lorry B., 111 AD3d 927, 928 [2013], lv denied 22 NY3d 863 [2014]; Matter of Ettari v Peart, 110 AD3d 1256, 1257 [2013]).

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the amended order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  The custody of the mother's additional children is not at issue.