*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    518675
_____

In the Matter of LEONETTE A.
    PETERS,
                     Appellant,

        v
                                        MEMORANDUM AND ORDER
ROBERTA DUGAN et al.,
                     Respondents,
                     et al.,
                     Respondent.

(And Another Related Proceeding.)
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Linda Richardson, Glens Falls, for appellant.

        Michelle I. Rosien, Philmont, for Roberta Dugan and
another, respondents.

        D. Alan Wrigley Jr., Cambridge, attorney for the child.

_____

Lahtinen, J.P.

        Appeal from an order of the Family Court of Essex County
(Meyer, J.), entered February 27, 2014, which, among other
things, partially dismissed petitioner's application, in a
proceeding pursuant to Family Ct Act article 6, to modify a prior
order of custody.

        Petitioner (hereinafter the mother) is the mother of two
daughters, one born in 2001 whose father is Jonathan D. Koerner,

and another born in 2004 whose father is respondent Hollis Olden Jr. Neither child had resided with the mother since 2008 or earlier. At the time these proceedings were commenced in July 2013, both children lived with their maternal grandfather, respondent James Dugan (hereinafter the grandfather) and maternal step grandmother, respondent Roberta Dugan. Pursuant to consent orders, the Dugans (hereinafter collectively referred to as the grandparents) had legal and physical custody of the older child, and they had joint legal custody with Olden and primary physical custody of the younger child. The mother sought to modify the prior orders to grant her sole legal and physical custody of the children. Following a hearing, Family Court rendered a written decision and order in February 2014 finding that the grandparents had demonstrated extraordinary circumstances. Upon considering the best interests of the children, the court awarded the grandparents primary physical custody of both children. Legal custody of the older child was placed jointly with the grandfather and the mother, and legal custody of the younger child was placed jointly with the grandfather, the mother and Olden.[1] The mother was also provided liberal visitation with both children. The mother appeals.

"It is well settled that a parent has a claim of custody of his or her child that is superior to that of all others, absent surrender, abandonment, persistent neglect, unfitness, disruption of custody over a prolonged period of time or the existence of other extraordinary circumstances" (Matter of Sweeney v Sweeney, 127 AD3d 1259, 1260 [2015] [citations omitted]; see Matter of

_____

[1] In June 2015, while this appeal was pending, a consent order was entered regarding the younger child that modified the February 2014 order by awarding Olden primary physical custody with Olden and the mother having joint legal custody. Although this subsequent order does not render moot the aspect of the mother's challenge to Family Court's finding of extraordinary circumstances regarding the younger child since such a finding "may have enduring consequences for the parent" (Matter of Brown v Comer, 136 AD3d 1173, 1174 [2016]), the matter is otherwise moot as to the younger child (see Matter of Cole v Cole, 118 AD3d 1171, 1172 [2014]).

Renee TT. v Britney UU., 133 AD3d 1101, 1102 [2015]).  "The burden of showing that such extraordinary circumstances exist rests with the nonparent challenging the parent's custody, and it is only when this threshold demonstration has been achieved that a court may then turn to the question of what custodial arrangement is in the best interests of the child" (Matter of Battisti v Battisti, 121 AD3d 1196, 1197 [2014] [citations omitted]; see Matter of Yandon v Boisvert, 130 AD3d 1257, 1258 [2015]).  "The extraordinary circumstances analysis must consider the cumulative effect of all issues present in a given case, including, among others, the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Brown v Comer, 136 AD3d 1173, 1174 [2016] [internal quotation marks, citations and ellipsis omitted]; see Matter of Elizabeth SS. v Gracealee SS., 135 AD3d 995, 996 [2016]).

At the time of the hearing, neither child had resided with the mother for many years.  The younger child had been with the grandparents continuously for over five years (see Domestic Relations Law § 72 [2]).  The older child had lived with them for about 1½ years and, before that, had resided with an aunt for over five years.  The record established that the grandparents provided for the children's medical, financial and educational needs with virtually no involvement of the mother.  There was proof that the mother repeatedly missed her parenting time with the children as well as scheduled telephone calls.  Although the grandparents had on one occasion used an inappropriate discipline method with the younger child, they acknowledged their error and stated that such method would never be used again.  The mother had previously been found to have neglected the younger child due to extremely unsanitary living conditions in her home and had lost custody of the older child after the child was left unsupervised with a risk level I sex offender who molested the child.  There was evidence, found credible by Family Court, that the children had a deep bond with the grandparents and that, unlike the mother, the grandparents provided the children with a safe, stable and nurturing environment.  According deference to Family Court's factual findings and credibility determinations, its finding of extraordinary circumstances is supported by a

sound and substantial basis in the record (see Matter of Renee TT. v Britney UU., 133 AD3d at 1104; Matter of Sweeney v Sweeney, 127 AD3d at 1261).

Next, we consider the mother's argument that Family Court's custody determination was not in the older child's best interests. Relevant factors include "maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Battisti v Battisti, 121 AD3d at 1198 [internal quotation marks, brackets and citations omitted]). The child is now nearly 15 years old and has not resided with the mother for eight or more years. Although the mother had recently taken some steps to address the deficiencies that resulted in her losing custody, many aspects of her life remained unstable, whereas the grandparents provided an adequate home where they had lived for many years. Family Court found that the grandparents gave far superior guidance, consistency and care for the child. They provided the financial support for the child without assistance from the mother. They were better suited to address and facilitate the child's emotional and intellectual development. Based upon the totality of the circumstances, Family Court's custody determination is amply supported by the record and we discern no reason to disturb it (see Matter of Marcus CC. v Erica BB., 107 AD3d 1243, 1247 [2013], appeal dismissed 22 NY3d 911 [2013]; Matter of Rodriguez v Delacruz-Swan, 100 AD3d 1286, 1289 [2012]).

Egan Jr., Lynch, Devine and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court