Aarons, J.
Appeal from an order of the Family Court of Greene County (Wilhelm, J.), entered September 2, 2014, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
*1365 Petitioner (hereinafter the mother) and respondent Anthony Bruni are the parents of four children (born in 2001, 2005, 2006 and 2009), the youngest of which is the subject of these proceedings. At the time these proceedings were commenced in 2012, the subject child had been living with respondent Lea Bray (hereinafter the aunt), who was the child’s guardian. The mother subsequently filed a petition seeking custody of the subject child. Following evidentiary and Lincoln hearings, Family Court rendered a decision and order finding that extraordinary circumstances had not been established and awarded, among other things, legal and physical custody of the subject child to the mother. The attorney for the child now appeals.
“[A] parent has a claim of custody of his or her child that is superior to that of all others, absent surrender, abandonment, persistent neglect, unfitness, disruption of custody over a prolonged period of time or the existence of other extraordinary circumstances” (Matter of Evelyn EE. v Ayesha FF., 143 AD3d 1120, 1124 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 913 [2017]). The nonparent bears the heavy burden of establishing extraordinary circumstances (see Matter of Sweeney v Sweeney, 127 AD3d 1259, 1260 [2015]; Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1048 [2014]). Whether extraordinary circumstances exist involves the consideration of various factors, including, among others, “the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role” (Matter of Tennant v Philpot, 77 AD3d 1086, 1087 [2010] [internal quotation marks and citations omitted]; accord Matter of Peters v Dugan, 141 AD3d 751, 753 [2016]; Matter of Carpenter v Puglese, 94 AD3d 1367, 1368 [2012]). “A finding of extraordinary circumstances is rare, and the circumstances must be such that they drastically affect the welfare of the child” (Matter of Ramos v Ramos, 75 AD3d 1008, 1010 [2010] [internal quotation marks and citation omitted]).
The trial testimony indicates that the aunt has attended to the subject child’s needs and unquestionably has a strong bond with the subject child. While such bond is not insignificant, “extraordinary circumstances may not be established merely by showing that the child has bonded psychologically with the nonparent” (Matter of Pettaway v Savage, 87 AD3d 796, 797 [2011] [internal quotation marks and citation omitted], lv denied 18 NY3d 801 [2011]; see Matter of Burghdurf v Rogers, 233 AD2d 713, 715 [1996], lv denied 89 NY2d 810 [1997]). *1366 Although there was a lengthy period during which the mother did not have contact with the subject child, it was partly due to the mother’s mistaken impression, which the aunt also shared, that an order of protection prohibiting any communication with the subject child was in effect against her (cf. Matter of Jerry Q. v Malissa R., 287 AD2d 810, 811 [2001]). Accordingly, this misunderstanding, as Family Court found, was “through no fault of [the mother].”
When the mother started having supervised visits with the subject child, she brought food and toys and interacted with the subject child. The mother was subsequently granted unsupervised visits where she brought the subject child to the park and the museum and went swimming with her. Furthermore, the mother took steps to address her mental illness and history of substance abuse. After going through a treatment program, the mother’s counselor described the mother as a “new person” and testified that her change was “remarkable.” At the time of trial, the mother had been substance abuse free for two years. Moreover, the mother volunteered at a hospital, worked at a restaurant and attended a community college where she studied human services with a specialty in chemical dependency counseling. In view of the foregoing and deferring to Family Court’s factual findings and credibility determinations, we find that there is a sound and substantial basis in the record supporting Family Court’s determination that extraordinary circumstances did not exist (see Matter of Elizabeth SS. v Gracealee SS., 135 AD3d 995, 997 [2016]; Matter of Burton v Barrett, 104 AD3d 1084, 1085-1086 [2013]; Matter of Mildred PP. v Samantha QQ., 110 AD3d 1160, 1161-1162 [2013]; Matter of Eger v Garafolo, 251 AD2d 770, 772-773 [1998]).
We have examined the attorney for the child’s remaining argument and find it to be without merit.
Peters, P.J., Lynch, Devine and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.