■ In the Matter of MARCIA ZZ., Respondent, v APRIL A., Appellant, and ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [56 NYS3d 645]—

Rose, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered December 28, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject children.

Respondent April A. (hereinafter the mother) is the mother of a son (born in 2009) and a daughter (born in 2010). The children's father is deceased. In March 2011, respondent Ulster County Department of Social Services (hereinafter DSS) commenced a neglect proceeding against the mother alleging that she was abusing drugs and that she had engaged in several instances of domestic violence in the presence of the children. As a result, the children were removed from the mother's care and, in March 2011, placed in the care of petitioner, the children's paternal cousin. The children were found to be neglected and, as part of the dispositional order, Family Court continued the children's placement with petitioner and ordered the mother to engage in a variety of services, including an alcohol/drug abuse rehabilitation program. After the mother struggled to complete the required services, petitioner commenced this proceeding seeking sole legal and physical custody of the children. A lengthy fact-finding hearing ensued, during the course of which hundreds of pages of petitioner's treatment records and DSS's case file were admitted into evidence. Following a meticulous review of the testimony and the voluminous records in evidence, Family Court found that extraordinary circumstances existed and that the best interests of the children would be served by awarding petitioner sole legal and physical custody, with alternate weekend visitation to the mother. Family Court also provided that any holiday visitations were solely at the discretion of petitioner. The mother now appeals.

We are unpersuaded by the mother's argument that there were no extraordinary circumstances presented that would allow Family Court to award custody to petitioner and that, even if there were, Family Court's custody determination was contrary to the best interests of the children. It is well settled that "[a] parent has a claim of custody to his or her child[ren] that is superior to all other persons, unless a nonparent establishes that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or 'other like extraordinary circumstances' " (*Matter of Donna SS. v Amy TT.*, 149 AD3d 1211, 1212 [2017], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Thompson v Bray*, 148 AD3d 1364, 1365 [2017]). "The extraordinary circumstances analysis must consider the cumulative effect of all issues present in a given case, including, among others, the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the parent allowed such custody to continue without trying to assume the primary parental role" (*Matter of Peters v Dugan*, 141 AD3d 751, 753 [2016] [internal quotation marks and citations omitted]; *see Matter of Thompson v Bray*, 148 AD3d at 1365; *Matter of Brown v Comer*, 136 AD3d 1173, 1174 [2016]). "The burden of proving extraordinary circumstances lies with the nonparent" (*Matter of Renee TT. v Britney UU.*, 133 AD3d 1101, 1103 [2015]; *see Matter of Evelyn EE. v Ayesha FF.*, 143 AD3d 1120, 1124 [2016], *lv denied* 28 NY3d 913 [2017]) and, once this showing is made, "Family Court may then proceed to the issue of whether an award of custody to the nonparent, rather than the parent, is in the child[ren]'s best interests" (*Matter of Donna SS. v Amy TT.*, 149 AD3d at 1212-1213; *see Matter of Suarez v Williams*, 26 NY3d 440, 447 [2015]). Notably, "[n]o continuing preference for the parent over the nonparent is part of the [best interests] analysis" (*Matter of Rumpff v Schorpp*, 133 AD3d 1109, 1111 [2015]).

In addition to the proof concerning the mother's active engagement in instances of domestic violence in the presence of the children resulting in the adjudication of neglect, the treatment records detail her long-standing substance abuse and mental health problems and her inability to successfully treat those issues. Although she relies heavily on the fact that she completed a substance abuse treatment program, our review of her treatment records fully confirms Family Court's finding that the mother's discharge from that program was more akin to a determination by the staff to phase her out of the program, rather than a judgment that she had successfully addressed her substance abuse issues. In this regard, the treat-

ment records demonstrate that the mother had significant attendance and behavior issues, was resistant to treatment, lacked insight into the factors that trigger her to relapse—leading her to relapse while she was in treatment—and possessed an inability to reliably report her sobriety to her treatment providers. In addition, although the mother has been diagnosed with serious mental health issues, including bipolar disorder, she has, at numerous points, unilaterally ceased taking her psychiatrically prescribed medication. Notably, one month prior to the commencement of this proceeding, one of the mother's mental health providers noted that the mother continued to struggle with "emotional dysregulation."

The treatment records and DSS's case file further support Family Court's assessment that the mother obsessively fixates on her belief that petitioner or petitioner's family members are inflicting harm on the children, despite the fact that Child Protective Services has repeatedly determined these claims to be unfounded. Specifically, during the mother's visitation time, she regularly inspects the children's bodies for the presence of marks, persistently questions them about whether they are being harmed by petitioner and photographs any marks, no matter how small, that she finds. Family Court found that the mother's obsessive focus on the children's physical condition and refusal to accept that petitioner or petitioner's family members are not abusing the children reflects "a distinct deficiency of reasonable parental judgment."

Next, we reject the mother's assertion that Family Court abused its discretion in considering DSS's case file inasmuch as she did not object to the admission of the file before Family Court (*see Matter of Thomas FF. v Jennifer GG.*, 143 AD3d 1207, 1208 [2016]; *Matter of Bevins v Witherbee*, 20 AD3d 718, 720 [2005]). Rather, the mother offered the case file into evidence and, importantly, the limited portion of the case file relied upon by Family Court was clearly admissible (*see generally Matter of Leon RR*, 48 NY2d 117, 123 [1979]). In view of the foregoing proof, and after according due deference to Family Court's factual findings and credibility determinations (*see Matter of Peters v Dugan*, 141 AD3d at 753; *Matter of Elizabeth SS. v Gracealee SS.*, 135 AD3d 995, 997 [2016]), we are satisfied that there is a sound and substantial basis in the record to support Family Court's finding of extraordinary circumstances (*see Matter of Evelyn EE. v Ayesha FF.*, 143 AD3d at 1125; *compare Matter of Thompson v Bray*, 148 AD3d at 1366).

As to the best interests analysis, the record lends support for Family Court's findings that the children share a "strong bond"

with petitioner and that petitioner is more able to provide stability and consistency for the children, as well as facilitate their emotional and intellectual development. In addition, a large extended family, including the children's half siblings, live next door to petitioner, providing petitioner and the children with a large network of familial support. Thus, after reviewing the foregoing proof and considering the relevant factors (*see Matter of Rumpff v Schorpp*, 133 AD3d at 1111), we find ample support in the record for Family Court's determination that the best interests of the children are served by awarding petitioner sole legal and physical custody (*see Matter of Evelyn EE. v Ayesha FF.*, 143 AD3d at 1125; *Matter of Peters v Dugan*, 141 AD3d at 753-754).*

We reach a similar conclusion regarding the visitation schedule fashioned by Family Court. Although the mother's parenting time was reduced by two hours each week, it now gives her a full weekend of two consecutive overnights every other week and, therefore, "she is still afforded frequent and meaningful access to the child[ren]" (*Matter of Coleman v Millington*, 140 AD3d 1245, 1247 [2016]). In addition, the record supports Family Court's finding that petitioner and the mother have "significant difficulty interacting" and that a more consolidated visitation schedule is needed to limit the opportunities for conflict between them. To this end, Family Court reasonably eliminated the mother's two weeknight visits and, instead, awarded her a full, 48-hour weekend every other week. In light of the foregoing, we find no abuse of Family Court's wide discretion in fashioning an appropriate visitation schedule in the best interests of the children (*see Matter of Finkle v Scholl*, 140 AD3d 1290, 1292 [2016]).

We do agree, however, with the mother's contention that Family Court erred in providing that any holiday visitations were solely at the discretion of petitioner (*see generally Matter of Aida B. v Alfredo C.*, 114 AD3d 1046, 1049 [2014]; *Matter of Taylor v Jackson*, 95 AD3d 1604, 1605 [2012]). As a result, and given the amount of time that has passed since the entry of the order on appeal, we must remit the matter to Family Court to set forth a schedule for the mother's visitation with the children during holidays.

The mother's remaining arguments, including her claim that Family Court's delay in rendering a decision in this matter constitutes reversible error (*see Matter of Brown v Wolfgram*,

---

* We note that, although not determinative, the position advanced by DSS and the attorney for the children on appeal supports Family Court's determination.

109 AD3d 1144, 1145 [2013]), have been considered and found to be without merit.

McCarthy, J.P., Devine, Clark and Mulvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as provided that holiday visitations were solely at the discretion of petitioner; matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.