Matter of Terry PP. v Domiyon PP. (2020 NY Slip Op 03155)





Matter of Terry PP. v Domiyon PP.


2020 NY Slip Op 03155


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

526799

[*1]In the Matter of Terry PP., Respondent,
v
Domiyon PP. et al., Respondents. (Proceeding No. 1.)
In the Matter of Donna OO., Appellant,
v
Domiyon PP. et al., Respondents. (Proceeding No. 2.)

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Karen R. Crandall, Schenectady, for appellant.
Lara P. Barnett, Duanesburg, for Terry PP., respondent.
Noreen McCarthy, Keene Valley, for Domiyon PP., respondent.
Christopher H. Gardner, County Attorney, Schenectady (Sarah H. Petraccione of counsel), for Schenectady County Department of Social Services, respondent.
Patricia L. Countryman, Schenectady, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered April 30, 2018, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the subject children.
Respondent Domiyon PP. (hereinafter the father) and Alyson OO. (hereinafter the mother) are the parents of a child (born in 2016). While the mother was pregnant with the child, she had tested positive for various drugs. At his birth, the child likewise tested positive for certain drugs and was hospitalized. The child was temporarily removed from the parents, and respondent Schenectady County Department of Social Services thereafter commenced a neglect proceeding under Family Ct Act article 10 against them. Petitioner Terry PP. (hereinafter the paternal grandmother) and petitioner Donna OO. (hereinafter the maternal grandmother) commenced separate proceedings under Family Ct Act article 6, both of which sought sole legal and physical custody of the child.[FN1] A hearing was held on both the custody and the neglect petitions, at which the parents admitted to a finding of neglect and consented to the paternal grandmother having custody of the child. Family Court, among other things, awarded the paternal grandmother sole legal and physical custody of the child with the parents having indicia of joint custody and dismissed the maternal grandmother's petition. The maternal grandmother appeals. We affirm.
"A parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, disruption of custody over an extended period of time or other extraordinary circumstances" (Matter of Shanna O. v James P., 176 AD3d 1334, 1336 [2019] [internal quotation marks and citations omitted]; accord Matter of Thompson v Bray, 148 AD3d 1364, 1365 [2017]). "Examples of behaviors that may, in the aggregate, rise to the level of extraordinary circumstances include allowing the child to live in squalor, failing to address mental health issues, instability in the parent's housing or employment situation, the questionable use of corporal punishment as a means of discipline and other similar behaviors that reflect the parent's overall pattern of placing his or her own interests and personal relationships ahead of the child" (Matter of Philip UU. v Amanda UU., 173 AD3d 1382, 1383-1384 [2019] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Melissa MM. v Melody NN., 169 AD3d 1280, 1281-1282 [2019]). If the nonparent meets his or her burden of establishing extraordinary circumstances, the court must make a custody determination consistent with the best interests of the child (see Matter of Loretta RR. v Maryann SS., 160 AD3d 1065, 1067 [2018]).
We conclude that Family Court erred in determining that the maternal grandmother failed to show extraordinary circumstances. The court's determination rested on the notion that neither the parents' incarceration nor their drug use impacted their ability to make a decision as to who should have custody of the child. Such reasoning, however, disregards the fact that " [t]he extraordinary circumstances analysis must consider the cumulative effect of all issues present in a given case" (Matter of Peters v Dugan, 141 AD3d 751, 753 [2016] [internal quotation marks and citations omitted]). That said, based upon the parents' consent to a finding of neglect, together with their incarceration and drug use, and the fact that the child tested positive for drugs when he was born, we find that the maternal grandmother met her threshold burden of demonstrating extraordinary circumstances (see Matter of Lisa UU. v Sarah VV., 132 AD3d 1094, 1095-1096 [2015]; Matter of Ettari v Peart, 110 AD3d 1256, 1257 [2013]).
As to the best interests of the child, even though Family Court did not make any finding on this point, we may do so without having to remit the matter (see Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1202 [2018]; Matter of Lina Y. v Audra Z., 132 AD3d 1086, 1087 [2015]). The record discloses that the child has resided under the paternal grandmother's care for practically his entire life. The paternal grandmother has stable employment, suitable housing where the child has his own bedroom and family support in the area. The record also discloses that the paternal grandmother was more apt to facilitate visitation between the child and his parents. We are cognizant of the maternal grandmother's capability in providing care for the child, as well as the paternal grandmother's weaknesses. Nevertheless, viewing the record in its entirety, we find that Family Court's determination in awarding the paternal grandmother sole legal and physical custody of the child serves the child's best interests (see Matter of Tasha AA. v Tammy DD., 178 AD3d 1306, 1308 [2019]; Matter of Mary D. v Ashley E., 158 AD3d 1022, 1025 [2018]; Matter of Ronald I. v James J., 53 AD3d 706, 708 [2008]).
We note that Family Court's custody determination leaves the child separated from his brother and his half brother, both of whom reside with the maternal grandmother. Although it is preferable to keep siblings together, this rule is not absolute (see Matter of Copeland v Copeland, 232 AD2d 822, 823 [1996], lv denied 89 NY2d 806 [1997]). Taking into account that the child has never resided with either his brother or half brother, we cannot say that awarding the paternal grandmother custody of the child contravenes his best interests (see Matter of Bush v Stout, 59 AD3d 871, 873 [2009]). Furthermore, the record indicates that both the paternal grandmother and the maternal grandmother would foster contact between the child and his brother and half brother (see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1246 [2018]). Finally, at the hearing, the Department of Social Services requested that it be put on notice of any future petition seeking to modify the final order (see Family Ct Act § 1055-b [c]). The court indicated that it would include such provision in its final order but failed to do so. As such, the order must be modified accordingly. The maternal grandmother's remaining contentions are either not properly before us or without merit.
Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by adding thereto a provision requiring that respondent Schenectady County Department of Social Services be notified of any future petition seeking to modify said order, and, as so modified, affirmed.



Footnotes

Footnote 1: The child was temporarily placed in the custody of the paternal grandmother.